### CHESTER SMITH v. STATE OF FLORIDA

19 So. (2nd) 698                                         June Term, 1944
November 10, 1944                                        Division A

Geo. S. Okell, for appellant.

J. Tom Watson, Attorney, John C. Wynn, Assistant Attorney General, and Bourke Floyd, Special Assistant Attorney General, for appellee.

ADAMS, J.:

Appellant was convicted of manslaughter and on this appeal he says the trial court erred in denying his counsel the right to make the opening argument to the jury. He relies upon Sec. 918.09, F.S. '41, F.S.A., which provides:

". . . a defendant offering no testimony in his own behalf, except his own, shall be entitled to the concluding argument before the jury."

It was the view of the trial judge that inasmuch as the statute was silent as to the right to make the opening argument he was only entitled to the closing. This precise question has never been presented to us although we have had occasion to comment upon the purpose and propriety of an argument to the jury. See Andrews v. State, 99 Fla. 1350, 126 So. 751. In the absence of the statute quoted above the right to open and close the argument would have gone to the State inasmuch as the burden of proof rested upon the State. The question is, did the statute in such enumerated case reverse the order of argument?

Orderly procedure would seem to require that he, who makes the last argument, must, first, and before the opposition has argued, fairly present his opening argument.

It is contended by the State, and with apparent merit, that appellant was not injured by the error inasmuch as he had the closing argument. We do not agree that such is the case because from our experience the first impression created is frequently the lasting one. Some attorneys might prefer

the opening argument to the closing. There is also the chance that some jurors might be more receptive to an opening argument. Then, also, if the matter should be left to the choice of the presiding judge the application of the rule would surely prove awkward and confusing, for when the State would have the opening and closing and the Court should rule as in this case, the defense would be deprived of answering the argument of the State.

Having concluded that in cases coming within the scope of this statute the order of argument is reversed; then, what we have said in other cases relating to the order of argument is equally applicable here.

The remaining question relates to the sufficiency of the evidence and since the judgment must be reversed on the first question, we make no comment on the last.

The judgment is reversed.

BUFORD, C. J., TERRELL and CHAPMAN, JJ., concur.