SEBRING, Justice.
The appellants were tried and convicted of the crime of armed robbery and have appealed from the judgment and sentence.
Among other assignments of error relied, on by the appellant Green for reversal of the judgment is the assignment that the trial court erred when it deprived him of the right of the opening and closing argument to the jury at the conclusion of the evidence.
In respect to this ground the record discloses that the appellant, Ben Green, who was jointly accused and tried with two other defendants, was defended by an attorney who did not represent the other defendants. Green’s attorney did not offer evidence other than the testimony of his own client and assiduously refrained from examining other witnesses, either on direct or cross, after the trial court had advised all counsel at the threshold of the trial that to do so might preclude the right of the particular defendant involved to the opening and closing argument to the jury.
After all the evidence was in, the appellant, through his counsel, moved the trial court for leave to have the opening and closing argument, which motion was denied; the trial judge stating, “I think the ruling in the Fuller case applies and I am going to decline to let you have the opening and closing arguments.”
This ruling was a final adverse ruling adequately covering the subject matter of the error assigned. Clearly the ruling and the motion were made at an appropriate time entirely adequate to support review here on the question of the correctness of the ruling as to the denial to appellant Green of the right to the concluding argument as well as to the right to the opening argument. We so held in Landrum v. State, 79 Fla. 189, 84 So. 535, where a similar situation was presented. In that case, we specifically reviewed at length and then affirmed the correctness of the trial court’s ruling on the order of opening and closing arguments to be given by the State and joint defendants where the various motions for that were made before presentation of any of the arguments to the jury and “after the closing of the testimony.”
Hall v. State, 119 Fla. 38, 160 So. 511, 513, which has been cited by the appellee as authority for the proposition that the appellant waived his right to raise the error because of his failure to renew his motion after the county solicitor had closed his argument, merely holds that a defendant’s failure at the time of a ruling to take exception to a court’s denial of a motion for concluding argument precludes review of the ruling on appeal, and that an exception later presented in a motion for new trial “where no earlier exception has been noted to support it comes too late for appellate review.” The statement in the opinion that a motion for the right to make the closing argument must be made by a defendant “subsequent to a closing argument against him made for the prosecution,” cannot'apply to the situation where there has previously been made a specific ruling on the question by the court.
In the instant case, after the court had specifically announced its decision as to the order for presentation of oral arguments to *678 the jury, it was not incumbent upon the appellant Green to renew the motion for closing argument after the argument of the State Attorney. He was not required to do an obviously useless thing, and to continue to object to the procedure already specifically ruled upon by the trial judge.
The final contention of the appellant Green is that he was deprived of his right to the opening argument by the ruling of the trial court denying his motion that he be permitted to open and conclude. In regard to this contention it should be noted that while Sec. 918.09, F.S.A., contains no mention of the right to an opening argument, it is held in Smith v. State, 155 Fla. 148, 19 So.2d 698, that the refusal of a trial court to permit a defendant who has offered no testimony on his behalf, except his own, to make the opening argument to the jury constitutes reversible error for which a new trial, must be granted.
The trial court denied the right of the appellant Green to an opening and closing argument because of what it considered to be the applicability of Fuller v. State, 159 Fla. 200, 31 So.2d 259, to the facts of the case at bar. That was a case in which four defendants were charged with a violation of the lottery laws. After the information had been filed it was nolle pressed, on motion of the state, as to one of the defendants, Emory Knight, and by order of the trial court, a severance was ordered and a continuance was granted as to Bernard Knight, another defendant. After these rulings had been made, the remaining defendants, Fletcher and Abner Fuller, were placed on trial.
As appears from the original appeal record on file in this Court, Emory Knight, the defendant as to whom the nolle pros had been previously entered, was called by the defense attorney, who represented both defendants, “as a witness for the defense.” After the witness had been sworn the defense attorney questioned him in detail respecting the acts and conduct of both defendants, Fletcher Fuller and Abner Fuller, with reference to the offense charged, and whether or not, to his knowledge, these defendants had been conducting a lottery during the period of time set forth in the information. Throughout the course of this direct examination the defense attorney never at any time stated or indicated that Knight had been called as a witness only for the defendant Abner Fuller. It was only after he had completed his examination of the witness, and was preparing to call other witnesses to the stand, that he announced for the first time that Emory Knight had been called as a witness for Abner Fuller only, and that other defense witnesses to be called would be used for the same purpose.
It was this circumstance, and the fact that, in the opinion of the court, the interrogation was patently for the purpose of proving that both defendants were not guilty of the crime, that led this Court to observe that “The announcement by counsel that the named witnesses were called in behalf of Abner Fuller [was] by no means conclusive,” and impelled this Court to rule that under all the facts and circumstances of the case the defendant, Fletcher Fuller, had forfeited his right to the concluding argument.
As has heretofore been noted, no such situation is presented in the case on appeal. Therefore, we are impelled to hold that as to the appellant Green the judgment must be reversed and a new trial awarded, on authority of Lopez v. State, Fla., 66 So.2d 807.
We have considered all assignments of error filed by the appellant Branch, and as to the judgment and sentence entered against him, we find no reversible error.
Accordingly, it is ordered that the judgment and sentence be set aside and a new trial awarded to the appellant Green, and that as to the appellant Branch the judgment and sentence shall stand affirmed.
DREW, C. J., and TERRELL and HOB-SON, JJ., concur.