92 So.2d 819 (1957)
Carl Jefferson BIRGE, Jr., Appellant,
v.
STATE of Florida, Appellee.
Supreme Court of Florida, Special Division A.
February 20, 1957.
*820 Zach H. Douglas, Jacksonville, for appellant.
Richard W. Ervin, Atty. Gen., and David U. Tumin, Asst. Atty. Gen., for appellee.
THORNAL, Justice.
Appellant Birge, who was defendant below, seeks reversal of a judgment of conviction entered pursuant to a jury verdict finding him guilty of breaking and entering with intent to commit a felony, to wit, grand larceny.
Although several questions are presented we rest our ultimate conclusion on a determination of whether the appellant was erroneously denied the privilege of the opening and closing arguments to the jury.
Our decision requires no detailed delineation of the facts. After extensive testimony, the appellant was found guilty by the jury's verdict.
In the course of the presentation of the State's case a police officer testified. On cross-examination by appellant's counsel a question arose as to two shirts that were taken from appellant and a co-defendant. When the witness referred to the shirts, the following transpired:

*821 "Q. They were the shirts they had on when they were brought to the police station under arrest. A. Yes.
"Mr. Hubbard: I am not offering them. I just want to see them.
"The Court: You have exhibited them to the jury  besides the defendant.
"Mr. Hubbard: They were exhibited, opened in front of the box.
"The Court: You know the rule. Let the record show these shirts were opened by the witness and held up in view of the jury at the request of Mr. Hubbard, counsel for Birge.
"Mr. Hubbard: Does Your Honor rule that loses us the right to open and close for the defendant Birge?
"The Court: Yes, sir. You helped me establish the rule.
"Mr. Hubbard: I may collaborate with one of the other attorneys.
"The Court: You can't. You represent Birge and the record shows you don't have anything to do with the other two. Mr. Engel can open and close if he doesn't do something in the meantime."
Mr. Hubbard, mentioned in the quotation, was the Attorney for the appellant.
The State concluded the presentation of its case with this witness. The appellant testified in his own behalf but placed no other testimony or evidence in the record.
The transcript of the trial contains no further reference to the order of presentation of closing arguments. Upon the entry of the jury verdict, the trial judge sentenced appellant to five years in the state prison. Reversal of this judgment is now sought.
Appellant contends that the record shows that the trial judge erroneously denied his right to the opening and closing arguments to the jury. The appellee contends that the silence of the record at the close of the trial justifies the presumption that the trial judge properly handled the case by changing his ruling and permitting the appellant to close.
Section 918.09, Florida Statutes, F.S.A., extends to a defendant in a criminal case the privilege of testifying in his own behalf. The cited statute concludes with the following:
"* * * and a defendant offering no testimony in his own behalf, except his own, shall be entitled to the concluding argument before the jury."
We have consistently held that the right guaranteed to an accused by the cited statute is a vested procedural right the denial of which constitutes reversible error. Lopez v. State, Fla. 1953, 66 So.2d 807; Smith v. State, 155 Fla. 148, 19 So.2d 698; Hall v. State, 119 Fla. 38, 160 So. 511; Landrum v. State, 79 Fla. 189, 84 So. 535; Meade v. State, Fla. 1956, 85 So.2d 613. As recently as Wright v. State, Fla. 1956, 87 So.2d 104, we recognized the preposition that while a trial judge may exercise some discretion in arranging the order of addresses to the jury, he cannot deprive an accused of the right to the closing argument when he has offered no testimony except his own.
In the instant case the mere exhibiting of the shirt before the jury by the State's witness did not constitute the introduction of testimony by the defendant. The appellant's counsel specifically stated that he had no intention of offering the shirt in evidence. Actually he could not have properly done so while the witness was under cross-examination. In this instance he did not even have the article marked for identification. Consequently the exhibiting of the shirt by the witness under the circumstances here presented was not sufficient to justify denying to appellant the right to have his counsel close the arguments. Actually the State does *822 not contend that it was. Talley v. State, 160 Fla. 593, 36 So.2d 201; Haddock v. State, 121 Fla. 167, 163 So. 482.
In regard to the State's insistence on appeal that the transcript of the trial record fails to show specifically at the conclusion of the evidence that appellant was not accorded the right to open and close, we are of the view that the rule announced in Green v. State, Fla. 1955, 80 So.2d 676, adequately disposes of the matter adversely to the State's contention. While it is true that on appeal every reasonable presumption is extended in favor of the correctness of the ultimate judgment of the trial court and the burden is upon the appellant to show reversible error, nevertheless, it is certainly unnecessary that an accused undertake to accomplish an obviously useless thing in the face of a positive adverse ruling by the presiding judge. In this case the trial judge had clearly and specifically announced his ruling to the effect that the appellant would not be permitted the opening and closing arguments. This ruling was announced just before the State rested its case. For the reasons mentioned above the ruling was erroneous. If the judge thereafter took some action to correct the error it was the responsibility of the State to see that the correction was properly reflected by the transcript of record. This the State failed to do. We can only assume from this record that the erroneous ruling was adhered to and the statutory right was denied appellant.
We have carefully examined the evidence submitted to the jury. We are frank to state that in our judgment it was more than adequate to sustain the jury's verdict. However, in view of the nature of the error we are not here permitted to apply the so-called harmless error rule authorized in many instances by Sections 54.23 and 924.33, Florida Statutes, F.S.A. The importance of the procedural right discussed above has been underscored by the fact that the privilege has been included in an act of the Legislature by which we are bound. It is not within our judicial province to disregard completely this legislative enactment which undoubtedly was passed to provide for those accused of crime an orderly judicial safeguard for the determination of their rights. As an appellate court we cannot speculate on the effect that the closing argument might have had on the jury. We are here confronted with the necessity of recognizing and preserving an important right guaranteed to the accused by our statute. It is not our privilege to disregard it even though we as individuals might feel that this appellant is as guilty as sin itself.
We are therefore compelled to the conclusion that the denial of this right to the appellant was a substantial prejudicial error which requires a new trial.
We have considered the other points raised by the appellant but find that they do not have sufficient merit to justify comment.
The judgment appealed from is reversed and the cause is remanded for a new trial.
TERRELL, C.J., ROBERTS, J., and ROWE, Associate Justice, concur.