101 So.2d 911 (1958)
Effie CARTER and Jewell Faulk, Appellants,
v.
STATE of Florida, Appellee.
No. A-110.
District Court of Appeal of Florida. First District.
April 10, 1958.
Rehearing Denied April 30, 1958.
*912 Zach H. Douglas, Jacksonville, for appellant.
Richard W. Ervin, Atty. Gen., and Odis M. Henderson, Sp. Asst. Atty. Gen., for appellee.
WIGGINTON, Justice.
This is an appeal from a judgment of conviction and sentence entered by the Circuit Court of Bradford County.
Appellants, together with one Mrs. Edith Buff, were each charged with aggravated assault under count one of an indictment. Count two charged the defendant Mrs. Effie Carter with aggravated assault as principal in the first degree, and the other two defendants as principals in the second degree. The jury returned a verdict of conviction against each of the defendants under count one. Only the defendants Mrs. Effie Carter and Mrs. Jewell Faulk have appealed.
After the verdict defendants duly filed a motion for new trial wherein they challenged the sufficiency of the evidence and the trial court's ruling in sustaining the State's objection to certain questions propounded by defendants' counsel on cross-examination in an effort to impeach the *913 prosecuting witness. The defendant Faulk also contended that the trial court erred in refusing her the privilege of making the closing argument to the jury. The single assignment of error upon which the cause reaches this court is grounded upon the foregoing and directed to the trial court's order denying defendants' motion for a new trial.
The record in this case depicts a sordid affair reaped from the seeds of suspicion nurtured within the fertile mind of a devoted but jealous wife. Because of certain rumors that had reached her ear the defendant Carter came to believe that her husband had indulged in an illicit affair with one Iris Starling, the State's prosecuting witness. Faced with what she conceived to be a dire domestic problem Carter, accompanied by her daughter, Jewell Faulk and her sister Edith Buff, enticed Starling into her car, drove to a remote section of the county and there proceeded to take such measures as were deemed necessary and appropriate to effect retribution. While Faulk and Buff forcibly restrained Starling, Carter wrecked vengence upon her by alternately clipping her hair and beating her about the head with a pair of barber clippers. So that the disfigurement might be complete, Carter and Buff held Starling while Faulk finished clipping her hair with a pair of scissors. Carter then produced what was described as a drugstore bottle of acid which she threatened to pour on Starling's body as further retribution and to deter subsequent promiscuity. This threat, however, was not carried out. After Starling was thus reduced to an appropriate state of submission, Carter produced a pistol with which, upon threats of death, she elicited confirmation of her suspicions as to Starling's conduct.
A review of the evidence leaves little doubt that at least some of the weapons utilized by Carter in an effort to reach a mutually beneficial understanding with Starling were capable of producing death or great bodily injury, and that they were used in such manner as to create a well-founded fear of imminent peril. Under such circumstances, and based upon the facts heretofore recited, it cannot be said that the evidence was insufficient to sustain a conviction for aggravated assault.
Although Faulk handled neither the clippers, the acid nor the pistol, the record justifies a finding that she was present and participating in the prearranged plot or scheme designed to produce the result heretofore delineated. The principle of law is well established in this jurisdiction that when several persons combine to commit an unlawful act, each is criminally responsible for the acts of his associates committed in furtherance of the common design. "A principal in the first degree and a principal in the second degree are both principals, and are punishable alike. The degrees are designed merely to indicate that one actually committed the felonious act, and that the other was present (actually or constructively) aiding and abetting the felonious act. Both are equally guilty; and it is not material which one is alleged to have actually committed the felonious act, if it is duly proven that one committed the act and that the other was present, and aided and abetted the alleged felony."[1] It is equally well established that when two or more persons are charged in the same count as principals, as was the case in the indictment with which we are here concerned, "* * * it is permissible to show under such charge that one defendant actually committed the felony and that the other was present aiding, abetting, etc., in the commission thereof, and both may be convicted under such charge and proof."[2] Therefore, Faulk's contention that it was error to sustain her conviction under count one of the indictment is without merit.
*914 We turn now to a consideration of the challenge concerning the trial court's refusal to permit counsel for the defendants to question the prosecutrix in detail as to her alleged affair with defendant Carter's husband. During direct examination, after she had adduced testimony concerning Carter's accusations, the prosecutrix was asked whether she had in fact indulged in such an affair as was charged. Her reply was "No." This occurred without objection on the part of defendants, On cross-examination counsel for the defendants attempted to elicit detailed testimony concerning this alleged affair for the announced purpose of impeaching the prosecutrix. The State's objection, on the ground that questions as to the prosecutrix' conduct were not material to the issues being tried, was sustained. Starling's testimony in this connection was wholly irrelevant and immaterial to the issues on trial. While a wide range of cross-examination is to be permitted in discrediting a witness, a defendant has no unqualified right to insist upon the introduction of immaterial testimony solicited for the purpose of refuting or impeaching other immaterial testimony, unless such is shown to be prejudicial or otherwise harmful to the defendant's right to a fair trial.[3] The admission or rejection of such evidence rests in the sound discretion of the trial court who must judge the propriety thereof from what transpires upon the trial, and the conduct of the witness upon the stand. And this discretion will not be interfered with unless abused.[4] We find no such abuse to be evidenced by the record in this case. Furthermore, verification of a clandestine affair such as was suspected by the defendants would by no means serve as legal justification for the crime charged. This being the case, it cannot be said that rejection of the proffered evidence was harmful or prejudicial to the defendants.
The appellant Faulk further insists that the trial court erred in refusing to allow her the right to the closing argument before the jury, since she had offered no testimony in her behalf other than her own. During the trial counsel for the defendant Carter, who also represented each of the other defendants, announced that he was calling a Mrs. Roberta Carter as a witness for the defendant Carter. A careful examination of the testimony given on direct examination by this witness clearly reveals that it was equally beneficial to each of the defendants, and tended to show that neither of them was guilty of the crimes charged. The statute that accords a defendant the right to the closing argument before the jury, when he has offered no testimony in his behalf save his own,[5] affords a valuable procedural right which when applicable should not be denied. However, when testimony given by a witness called by common counsel on behalf of one of several defendants is patently for the benefit of all defendants, neither of them is entitled to the closing argument; notwithstanding the announcement that the witness was being called on behalf of only one named defendant.[6] Having concluded that the testimony of the witness purportedly called for the benefit of the defendant Carter was patently beneficial to each of the defendants, it follows that the defendant Faulk was correctly denied the right to make the closing argument to the jury.
For the foregoing reasons the judgment appealed from must be and is hereby affirmed.
STURGIS, C.J., and CARROLL, DONALD K., J., concur.
NOTES
[1] Pope v. State, 84 Fla. 428, 441, 94 So. 865, 870; See: Henry v. State, 81 Fla. 763, 89 So. 136; Whiting & Farris v. State, 97 Fla. 693, 122 So. 2.
[2] Jimenez v. State, 158 Fla. 719, 728, 30 So.2d 292, 297 (emphasis supplied). See: Hornbeck v. State, Fla. 1955, 77 So.2d 876.
[3] See: State v. Whithman, 72 Me. 531.
[4] See: Whaley v. State, 157 Fla. 593, 26 So.2d 656; Wallace v. State, 41 Fla. 547, 26 So. 713.
[5] F.S. Sec. 918.09, F.S.A.; See: Green v. State, Fla. 1955, 80 So.2d 676.
[6] Lopez v. State, Fla. 1953, 66 So.2d 807; Fuller v. State, 159 Fla. 200, 31 So.2d 259.