104 So.2d 519 (1958)
Jewell FAULK, Petitioner,
v.
STATE of Florida, Respondent.
Supreme Court of Florida.
July 25, 1958.
*520 Montgomery J. Corse and Zach H. Douglas, Jacksonville, for petitioner.
Richard W. Ervin, Atty. Gen., and Odis M. Henderson, Asst. Atty. Gen., for respondent.
THORNAL, Justice.
By a petition for writ of certiorari petitioner Faulk requests us to review a decision of the District Court of Appeal, First District, which is alleged to be in "direct conflict with a decision" of this court on the same point of law. We issued the writ and the matter has been heard on oral argument. The decision of the Court of Appeal submitted for review is Carter v. State, 101 So.2d 911.
The factual background of the case is adequately set forth in the cited reference. We have denied a petition for certiorari submitted by Effie Carter, who was an appellant in the cited case. We granted certiorari on the petition of Jewel Faulk, who was the other appellant in the cited case.
For the sake of coherence we mention briefly the factual aspect of the matter which gives rise to this opinion. Carter and Faulk were charged with aggravated assault under a two-count indictment. At the trial Carter called to testify a witness other than herself. Faulk called no witnesses but testified in her own behalf. The trial judge was of the view that inasmuch as the defendants were represented by common counsel and inasmuch as testimony of the witness called by Carter was patently calculated to benefit the co-defendant Faulk, then Faulk lost the statutory right to have her counsel deliver the opening and closing arguments to the jury.
On appeal, the District Court of Appeal adopted the view of the trial judge and affirmed his ruling on authority of Fuller v. State, 159 Fla. 200, 31 So.2d 259.
The petitioner here contends that the decision of the Court of Appeal is in direct conflict with the decisions of this court in Hall v. State, 119 Fla. 38, 160 So. 511; Lopez v. State, Fla. 1953, 66 So.2d 807; Green v. State, Fla. 1955, 80 So.2d 676.
It is the contention of the petitioner that even though she and her co-defendant were represented by common counsel and even though in some measure she benefited from the testimony of the witness called by her co-defendant, nevertheless, under the prior decisions of this court this petitioner did not sacrifice the right to have her lawyer open and close in her behalf in accord with the provisions of Section 918.09, Florida Statutes, F.S.A.
It is the contention of the State that if two defendants are represented by common counsel and one of them calls a witness whose testimony obviously benefits a co-defendant who does not call a witness other than herself and that the testimony of the extra witness "is patently for the benefit of all defendants" then the right to open and close before the jury is surrendered.
We are compelled to agree with the position of petitioner. The decision of the Court of Appeal under review reflects that the defendant Carter called a witness to testify in her behalf. That decision also reflects the view of the Court of Appeal that a careful examination of the testimony of this witness revealed that it was equally beneficial to each of the defendants, and that the witness called for the one defendant, Carter, by the common counsel of the two was patently for the benefit of all of the defendants.
Section 918.09, Florida Statutes, F.S.A., reads in part as follows:
"* * * and a defendant offering no testimony in his own behalf, except *521 his own, shall be entitled to the concluding argument before the jury."
At common law the generally accepted rule was that the prosecution had the right to open and close before the jury in a criminal case. Because of the burden placed upon the State to prove guilt beyond a reasonable doubt it was felt that the State should have the advantage of the opening and closing arguments. 55 Am. Jur., Trial, Sec. 73; 23 C.J.S. Criminal Law § 983. This continues to be the rule in many states where statutory variations have not been enacted.
Early in the history of the jurisprudence of Florida, the rule was changed by statute. The portion of Section 918.09, supra, applicable to the point at hand had its origin in Chapter 539, Laws of Florida 1853, where it was provided that when in a criminal case the defendant "introduces no testimony, he shall, by himself or counsel, be entitled to the concluding argument before the jury * * *". The statute last cited was first considered by the Supreme Court of Florida in 1858 in the case of Heffron v. State, 8 Fla. 73. By this opinion handed down by this court one hundred years ago the courts of Florida became committed to the rule that the legislative requirement was mandatory and that it permitted the exercise of no discretion on the subject by the trial courts. A denial of the privilege of opening and closing where the defendant offered no testimony as then provided by the statute was held to be reversible error.
As we shall see there have been subsequent legislative pronouncements on the subject and the rule has been expanded by statute to those cases in which the defendant himself testifies but offers no other testimony. Never once, however, during the past one hundred years has this court deviated from the proposition that the right given by the statute is a vested procedural right which cannot be denied to a defendant when he is entitled to exercise it. As pointed out by Justice DuPont in Heffron v. State, supra, it is not for the courts to reason on the matter of the wisdom or the propriety of the provision. It is a positive clear-cut unequivocal legislative enactment and we are bound to follow it until the Legislature in its wisdom sees fit to change it.
In the historical development of the subject statute we next reach Chapter 1816, Laws of Florida 1870, by which a defendant in a criminal case was accorded the right "of making a statement to the jury under oath on the matter of his or her defense". This was merely a legislative recognition of a privilege theretofore granted to an accused to make a sworn statement in his own behalf even though he was not subject to cross-examination. By Chapter 4400, Laws of Florida 1895, another element was added to the subject statute. By the last cited act the accused was given the option to be sworn as a witness in his own behalf in which event he could be subjected to cross-examination.
It will be recalled that by the original act, Chapter 539, Laws of Florida 1853, the accused was given the right to close if he offered no testimony in his own behalf. By Chapter 4400, Laws of 1895, the accused was given the privilege to be sworn as a witness and testify at his option. Finally, by Chapter 6228, Laws of Florida 1911, it was provided that "in all criminal cases where the defendant offers no testimony in his own behalf, except his own, the attorney or attorneys for the defendant shall have the closing argument". This historical development of the several component parts of Section 918.09, Florida Statutes, F.S.A. finally culminated in Section 214, Chapter 19554, Laws of Florida 1939, commonly known as the 1939 Criminal Code and has been brought forward as a part of the Florida Statutes as Section 918.09, F.S.A.
We have dwelt in some detail on the history of the statutory development of this procedural right granted to defendants in criminal cases primarily to give emphasis *522 to the proposition that this is a subject which has received legislative consideration from time to time throughout the past century. Never once has the Legislature undertaken to restrict the privilege which had its inception in 1853. On the contrary, the right has been expanded from time to time and has become thoroughly grounded in our statutory and case law. For further discussion of the historical development of the subject see Landrum v. State, 79 Fla. 189, 84 So. 535.
In Crosby v. State, 90 Fla. 381, 106 So. 741, the word "testimony" as used in the statute was construed broadly to comprehend "evidence". It was there held that if a defendant offered independent written evidence to support his position it would constitute "testimony" in addition to his own that would preclude him from having the opening and closing arguments. The same rule was applied to the introduction of a photograph as independent evidence of the scene of an occurrence. See Talley v. State, 160 Fla. 593, 36 So.2d 201, and Kennedy v. State, Fla. 1955, 83 So.2d 4. Despite the holdings in the last three cited cases it was held in Haddock v. State, 121 Fla. 167, 163 So. 482, that an accused who testifies and in the course of his testimony prepares a diagram of a location to explain his testimony and puts the diagram in evidence, does not thereby lose the right to opening and closing arguments, the diagram being merely a component part of his testimony from the witness stand.
In Hall v. State, 119 Fla. 38, 160 So. 511, 512, this court clearly announced that the statutory privilege granted to a defendant to make the closing argument when he offers no testimony in his own behalf except his own "is a salutary and remedial rule of procedure designed to vest in the defendant on trial (not in the lawyers representing him) a substantial, procedural right." In the same opinion this court further held that this right "is not lost to a defendant merely because his attorney happens to also represent a joint defendant who has not earned the same statutory right to have his own counsel as such make a closing argument to the jury." The significance of the opinion last cited as related to the case at bar is obvious. The mere fact that several defendants are represented by the same lawyer is not a factor to consider in applying the statutory privilege granted to those on trial for crime.
In Smith v. State, 155 Fla. 148, 19 So.2d 698, this court further construed the statute as vesting in an accused under the circumstances prescribed by the statute the privilege of making the opening argument as well as the closing argument even though the statute does not in so many words grant to him the opening argument.
We come next to Fuller v. State, 159 Fla. 200, 31 So.2d 259, which is the principal case relied upon by the State. In the Fuller case two defendants on trial for lottery law violations were served by the same counsel. An examination of the original record reveals that after the State had closed, the attorney for the defendants called a witness "for the defense". The witness was sworn as a witness "for the defense" and was interrogated on all aspects of the matter in behalf of both of the defendants. After the examination of the witness the prosecuting attorney announced "no questions". The attorney for the defendants then announced that he had called the witness for only one of the defendants contrary to the position which he had taken when he originally called the witness and placed him under examination. The trial judge held that he couldn't do this, that both of the defendants had been bound by the testimony of the witness called in their behalf and had thereby waived their right to open and close. This ruling was affirmed by this court on appeal.
However, the Fuller case certainly is not controlling in the situation before us. In the instant case when the witness was called by the co-defendant Carter, it was specifically stated that she was being called *523 in behalf of that particular defendant. We have undertaken to distinguish Fuller v. State, supra, by reference to the original record because admittedly the factual summary in the Fuller opinion is somewhat inaccurate and in fairness to all concerned, we think, misleading. We have, therefore, taken the time to point up the distinguishing aspects for the future guidance of the Bar and the trial courts. We have previously done likewise in Green v. State, Fla. 1955, 80 So.2d 676. The distinction is here repeated for emphasis in order that the matter may be settled once and for all.
In Lopez v. State, Fla. 1953, 66 So.2d 807, this court reiterated its oft-repeated position that the right accorded by the subject statute is a substantial procedural right which cannot be denied a defendant merely because he happens to be represented by the same counsel who represents a co-defendant. In Lopez two defendants were jointly charged with lottery law violations. One of them elected to testify. The other refrained from doing so. The trial judge held that the testimony of the one in numerous instances benefited the other, that it was elicited from the witness by the mutual counsel of the parties and that therefore the non-testifying defendant who benefited from the testimony was precluded from making the opening and closing arguments to the jury. This court held the ruling to be erroneous and reversed the case for new trial.
In Green v. State, supra, although the defendants were represented by different counsel, a fact which is entirely immaterial, one of them offered several witnesses in his behalf. Green, the other defendant, offered no testimony. The trial judge held that since Green had received the benefit of the testimony of the witnesses who testified on the call of his co-defendant, he was thereby denied the right of the closing argument to the jury. Again this ruling was held to be reversible error.
Finally in Meade v. State, Fla. 1956, 85 So.2d 613, the right to the opening and closing argument was considered to be such a substantial procedural right that when a defendant accused of two separate murders opposed the consolidation of the cases for trial on the ground that as to one charge he desired to offer testimony in addition to his own and as to the other he desired to offer only his own testimony, it was held to be reversible error for the court to compel the consolidation of the two cases for trial and thereby force the defendant to make the election of either offering no additional testimony as against the one charge, or forfeiting the right to open and close as against the other.
As late as Birge v. State, Fla. 1957, 92 So.2d 819, we continued to repeat with emphasis the consistent position of this court that the right granted by the statute on which the petitioner now relies is a vested procedural right, the denial of which constitutes reversible error.
Because of the importance of the immediate problem in the administration of the criminal laws of the state we have undertaken to delineate the history of the development of the rule in question. Referring back to the quoted statute it is perfectly clear that the Legislature has provided that when a defendant offers no testimony in his own behalf, except his own, he is entitled to conclude before the jury. We do not feel justified in engrafting upon this statute additional conditions which would preclude joint defendants from selecting joint counsel or which would enable one defendant, if he is so minded, to call a witness in his own behalf and thereby deprive a co-defendant of the right to open and close merely because the testimony of the witness called by the one is of benefit to the other. If these additional requirements are to be added they will necessarily have to come from the Legislature rather than from this court. When the State elects to place two or more defendants on trial collectively, it cannot thereby deprive a particular defendant of the privilege given by the subject statute even though a co-defendant elects *524 to waive the privilege by offering testimony other than his own and even though the defendants are represented by common counsel. The fact that one defendant might offer testimony that could benefit another is the risk that the state assumes when it elects to charge and try two or more defendants collectively.
We therefore find that insofar as the petitioner Faulk is concerned the decision of the District Court of Appeal, First District, in Carter v. State, 101 So.2d 911, is in direct conflict with the decisions of this court in Hall v. State; Lopez v. State, and Green v. State, supra. The judgment of the Court of Appeal under assault is therefore quashed and the cause is remanded to the District Court of Appeal, First District, with directions to reverse the judgment of the trial court with reference to the petitioner Faulk and direct a new trial.
It is so ordered.
TERRELL, C.J., and THOMAS, HOBSON and O'CONNELL, JJ., concur.