SWANN, Judge.
The appellant, Sam Cagnina, was charged, by an information filed in Monroe County, Florida, with robbery by force and violence. A trial of the cause resulted in the acquittal of a co-defendant, Ishmael Garcia, and the conviction of the appellant. Cagnina on appeal contends the trial court erred on three separate points.
Appellant’s third assignment of error was that the trial court erred in failing to allow his counsel the right to closing argument to the jury, inasmuch as he had offered no testimony in his own behalf. The State contends that the co-defendant, Ishmael Garcia, testified in behalf of himself, but that his testimony was primarily an alibi for appellant, and that Garcia called other witnesses whose testimony was beneficial only to appellant. Appellant contends that Garcia and his witnesses were called only by counsel for Garcia and not in appellant’s behalf. We agree with this contention and therefore find it unnecessary to discuss the other charges of error.
Section 918.09 Florida Statutes, F.S.A., gives a defendant who offers no testimony in his own behalf the right to the concluding argument before the jury. The courts of this state have consistently held that this is an important procedural right and that it is prejudicial, and reversible error to deprive the defendant in a criminal case of this right. Gordon v. State, Fla.1958, 104 So.2d 524; Faulk v. State, Fla.1958, 104 So.2d 519; Meade v. State, Fla.1956, 85 So.2d 613, 59 A.L.R.2d 835; Smith v. State, 1954, 155 Fla. 148, 19 So.2d 698; Cameron v. State, Fla.App. 1959, 112 So.2d 864.
The State relies upon Carter v. State, Fla.App.1958, 101 So.2d 911, in which trial counsel for one of the defendants, who also represented each of the other defendants, called a witness for the defendant, Carter. This witness’ testimony was equally beneficial to each of the defendants and tended to show that none of them were guilty of the crime charged. The court there held that when testimony was given by a witness called by common counsel on behalf of one of several defendants, and the testimony was beneficial to all of the defendants, none of the defendants would be entitled to closing argument.
In the instant case, Cagnina and Garcia were represented by separate counsel. Appellant’s counsel requested closing argument before the jury, an objection was made by the State, and the request denied by the trial court. Thereafter, the State made the closing argument to the jury.
Counsel for appellant then requested permission to return to Miami, due to a pending storm. He waived any objections to the instructions to be given to the jury and stated that counsel for Garcia would “stand in” for appellant thereafter. Permission .was granted; the court then instructed the jury, which retired and returned with a verdict of guilty for appellant and not guilty for Garcia. In the absence of appellant’s counsel, the jury was then polled by counsel for Garcia. The State contends that this made him “common counsel” for the two defendants. We do not agree with this contention.
The trial court had committed error in its denial of counsel’s request for the right to closing argument. Subsequent events did not correct, or change, this fundamental error. There was no showing of “common counsel” in this cause by which the defendant could be deprived of this substantial procedural right.
The judgment is reversed and the cause remanded for a new trial.
Reversed and remanded.