260 So.2d 501 (1972)
John Willey PRESTON, Appellant,
v.
STATE of Florida, Appellee.
No. 41225.
Supreme Court of Florida.
March 29, 1972.
*502 Phillip A. Hubbart, Public Defender, Alan S. Becker and Bennett H. Brummer, Asst. Public Defenders, for appellant.
Robert L. Shevin, Atty. Gen., and Michael M. Corin, Asst. Atty. Gen., for appellee.
McCAIN, Justice.
This is a direct appeal by defendant from a judgment of the Criminal Court of Record of Dade County finding him guilty of robbery and sentencing him to life imprisonment in the state prison. In the course of the proceedings below the trial judge passed on the constitutionality of Rule 3.250, CrPR, 33 F.S.A., concluding that it did not violate the Sixth and Fourteenth Amendments to the U.S. Constitution, thereby vesting jurisdiction over the appeal in this Court.[1] Article V, Section 4(2), Florida Constitution, F.S.A. We affirm.
The only question involved is whether that portion of Rule 3.250, CrPR, which specifies the order of closing argument before the jury in a criminal case is constitutionally objectionable under the Sixth and Fourteenth Amendments of the U.S. Constitution. The oppugned rule reads as follows:
"Accused as witness. In all criminal prosecutions the accused may at his option be sworn as a witness in his own behalf, and shall in such case be subject to examination as other witnesses, but no accused person shall be compelled to give testimony against himself, nor shall any prosecuting attorney be permitted before the jury or court to comment on the failure of the accused to testify in his own behalf, and a defendant offering no testimony in his own behalf, except his own, shall be entitled to the concluding argument before the jury." (Emphasis added.)
*503 In the instant case, the defendant testified in his own behalf and called two additional defense witnesses. The State was therefore entitled to make, and did make, the closing argument[2] before the jury, over the objections of defense counsel.
The constitutionality of the Rule is attacked on three grounds: (1) it is asserted that the Rule violates due process by having a "chilling effect" on a defendant's right to call witnesses, since if he exercises his right, he must forego his procedural right to conclude argument before the jury; (2) the Rule is alleged to deny to defendants the equal protection of the laws guaranteed by the Fourteenth Amendment to the U.S. Constitution by discriminating procedurally against those defendants who call witnesses; and (3) the psychological effects of having the final argument made by the prosecution are asserted to dilute defendant's presumption of innocence, thereby violating due process.
Taking these arguments in order, we turn first to the assertion that the Rule has a "chilling effect" on the right to call witnesses. This argument is derived from the holding of the U.S. Supreme Court in United States v. Jackson, 390 U.S. 570, 88 S.Ct. 1209, 20 L.Ed.2d 138 (1968). In Jackson, the Supreme Court invalidated the death penalty provision of the Federal Kidnapping Act, concluding that the Act imposed an impermissible burden upon an accused's exercise of his Fifth Amendment right not to plead guilty and his Sixth Amendment right to a jury trial. The Act created an offense punishable by death "if the verdict of the jury shall so recommend" but gave no procedure for imposing a death penalty upon an accused who waived his right to a jury trial or who pleaded guilty. The Court said:
"Under the Federal Kidnaping Act, therefore, the defendant who abandons the right to contest his guilt before a jury is assured that he cannot be executed; the defendant ingenuous enough to seek a jury acquittal stands aforewarned that, if the jury finds him guilty and does not wish to spare his life, he will die. Our problem is to decide whether the Constitution permits the establishment of such a death penalty, applicable only to those defendants who assert the right to contest their guilt before a jury. The inevitable effect of any such provision, is of course, to discourage assertion of the Fifth Amendment right not to plead guilty and to deter exercise of the Sixth Amendment right to demand a jury trial. If the provision had no other purpose or effect than to chill the assertion of constitutional rights by penalizing those who choose to exercise them, then it would be patently unconstitutional....
......
"The question is not whether the chilling effect is `incidental' rather than intentional; the question is whether that effect is unnecessary and therefore excessive. In this case the answer to that question is clear. The Congress can of course mitigate the severity of capital punishment. The goal of limiting the death penalty to cases in which a jury recommends it is an entirely legitimate one. But that goal can be achieved without penalizing those defendants who plead not guilty and demand jury trial... ."
The State attempts to distinguish Jackson by reasoning that the Federal Kidnapping Act's death penalty provision forced the accused to choose between two equally important and protected constitutional guarantees, whereas in the instant case only the Sixth Amendment right to call witnesses was at stake. By exercising that right, says the State, the appellant lost only *504 the tactical advantage of getting in the last word before the jury; he was not forced to exercise one constitutional right at the expense of another. This is not an impressive theory because it fails to meet the central contention of appellant that the Rule operates to deter the exercise of his Sixth Amendment right to call witnesses.
Nevertheless, we cannot agree with appellant that such a "chilling effect" as that described in Jackson has been shown here. The basic choice confronting every defendant, guided by counsel, is whether, on balance, it is strategically desirable to call defense witnesses. Evaluation of that option depends on many factors like the weight of the State's case, the probable impact on the State's case of the cross-examination of State witnesses by the defense, the relative significance of the testimony of the defense witnesses to be called, possible avenues of rebuttal which the defense presentation may open up for the prosecution to explore, and anticipation of the witnesses' impression on the jury. There is no basis for concluding that the one additional factor in the calculus on which appellant focuses  the entitlement to the concluding argument before the jury  is so weighty that its presence overwhelms the ability of the defense to make a rational and intelligent choice.
Appellant next argues that the Rule is violative of the Fourteenth Amendment guarantee of equal protection of the laws because it arbitrarily allows some defendants to avail themselves of a procedural advantage not made available to other defendants.
We disagree. The argument is premised on the assumption that defendants who call witnesses and those who do not are similarly situated; in reality this is not at all the case. In all criminal proceedings, the prosecution takes the offensive at the outset, building through its witnesses a "case" for defendant's guilt. In most instances, defense counsel is limited to the defensive tactic of cross-examination to show the weakness of the State's evidence, and to create a reasonable doubt in the minds of the jury. Occasionally the defense will be in a position to take the offensive itself by calling witnesses to build its own case for innocence. In those instances where such an offensive tactic is possible, the defense receives a more balanced exposure before the jury, and is more adequately able to offset the impression created in the minds of the jurors by the prosecution's presentation.
But what of those situations where the circumstances do not give the defendant the option of presenting his own case? In our judgment it was precisely to counterbalance the weight of the State's offensive in such cases that the Legislature, and later this Court, created an exception to the common law rule that the party with the burden of proof is entitled to the concluding argument before the jury. As we view the Rule, it is intended as an aid to those defendants entitled to avail themselves of it, rather than as a limitation upon those desiring to call defense witnesses. Accordingly, it is our opinion that, because there is a rational basis for the distinction created by the Rule, it is not discriminatory and thus not violative of the Fourteenth Amendment guarantee of equal protection of the laws.
Lastly, the Rule is challenged on the ground that allowing the prosecution to conclude the argument before the jury in any instance dilutes defendant's presumption of innocence and therefore violates fundamental due process.
In response to this assertion we feel impelled to note that although the right to open and close the argument to the jury is recognized as a substantial, procedural right,[3] it has never been raised to *505 constitutional status and we are not inclined to take this step now. By common law and now by statute in the overwhelming majority of states, the right to open and close belongs to the prosecution as the party with the burden of proof.[4] Moreover, at least one other state has rejected the identical argument presented here. In Cox v. State, 280 Ala. 318, 193 So.2d 759 (1967), the Alabama Supreme Court said:
"We agree that the right to close the argument to the jury is a substantial, procedural right; ... but we are of opinion that a defendant is not denied due process by giving the right to close to the state when the state has, as it did here, the burden to prove the guilt of defendant beyond a reasonable doubt and to a moral certainty... . [citations omitted]"
If indeed there is a tactical advantage to be gained from making the concluding argument before the jury,[5] we think Rule 3.250 adequately balances this advantage between the prosecution and the defense by giving the defense the closing argument in those instances when the trial situation is weighted in favor of the prosecution. Further than this, we do not find it necessary to go.
Accordingly, we conclude that Rule 3.250, CrPR is not violative of the Sixth and Fourteenth Amendments of the U.S. Constitution. Having examined the record and the briefs submitted herein, having heard oral argument in the cause, and having determined that the decision below is free from error, the judgment and sentence appealed herein is affirmed.
It is so ordered.
ROBERTS, C.J., and ERVIN, CARLTON, BOYD and DEKLE, JJ., concur.
NOTES
[1] Originally, defendant perfected his appeal in the District Court of Appeal, Third District. Because the trial judge had passed on the validity of Fla. Stat. § 918.09 (now Rule 3.250, CrPR), the District Court transferred the cause here. After the record arrived here, it was ascertained that Fla. Stat. § 918.09 had been repealed effective July 2, 1970 (see Chapter 70-339, Laws of Florida, §§ 180 and 181) and that defendant's objections to the statute were not raised until his trial on February 2, 1971. Therefore, because the trial court had passed on the validity of a previously repealed statute, and because it was unclear from the wording of the order whether the trial court also intended to construe Rule 3.250, CrPR (which tracks the statutory language), we temporarily relinquished the cause to the trial court for clarification. In response, the following order was entered:

"In response to the Order of the Supreme Court dated September 22, 1971, it is the holding of this Court that the Sixth and Fourteenth Amendments of the United States Constitution were considered and that this Court ruled the aforementioned constitutional provisions were not violated by the Rule of Criminal Procedure in question."
We thereupon took jurisdiction of the appeal as one construing a controlling provision of the U.S. Constitution.
[2] In Smith v. State, 155 Fla. 148, 19 So.2d 698 (1944) we said that orderly procedure required that the party entitled to the concluding argument was also entitled to fairly present his opening argument. Thus, the order of closing argument in any given case will be either defense-prosecution-defense, or the reverse: prosecution-defense-prosecution.
[3] See State v. Raper, 203 N.C. 489, 166 S.E. 314 (1932); Birge v. State, 92 So.2d 819 (Fla. 1957); Carter v. State, 101 So.2d 911 (Fla.App.1st, 1958); Faulk v. State, 104 So.2d 519 (Fla. 1958); and Cagnina v. State, 175 So.2d 577 (Fla. App.3rd, 1965).
[4] See discussion in 23 C.J.S. Criminal Law § 983 (1961), and cases cited therein.
[5] This proposition has been disputed as being psychologically unsound: see Kunkel and Geis, Order of Final Argument in Minnesota Criminal Trials, 42 Minn.L. Rev. 549 (1958).