272 So.2d 867 (1973)
Ricky RAYSOR and Raymond Raysor, Appellants,
v.
STATE of Florida, Appellee.
Roosevelt LESTER, Appellant,
v.
STATE of Florida, Appellee.
Nos. 72-61, 72-62.
District Court of Appeal of Florida, Fourth District.
February 12, 1973.
*868 Edward M. Kay, of Varon, Stahl & Kay, Hollywood, for appellants.
Robert L. Shevin, Atty. Gen., Tallahassee, and Nelson E. Bailey, Asst. Atty. Gen., West Palm Beach, for appellee.
WALDEN, Judge.
This was a not unusual criminal case based upon charges of robbery. Those convicted upon trial by jury appeal the resulting judgments. The cases were consolidated for purposes of appeal. We affirm the convictions of defendants-appellants, Ricky Raysor and Raymond Raysor, because they failed to demonstrate any reversible errors. We reverse the conviction of Roosevelt Lester because the court violated Rule 3.250, Florida Rules of Criminal Procedure[1], 33 F.S.A.
Although Lester qualified under the Rule for an entitlement for the concluding argument before the jury, and requested same, the request was denied without explanation and the state was permitted the opening and closing jury arguments.
The state does not deny the error and simply rests upon the premise that same was harmless because Lester has failed to demonstrate prejudice accruing to him by reason of the denial.
We believe the state's position to be unsound and particularly in light of the pronouncements of the Supreme Court of Florida in Birge v. State, Fla. 1957, 92 So.2d 819, at pages 821 and 822:
* * * * * *
"We have consistently held that the right guaranteed to an accused by the cited statute is a vested procedural right the denial of which constitutes reversible error. * * * [W]hile a trial judge may exercise some discretion in arranging the order of addresses to the jury, he cannot deprive an accused of the right to the closing argument when he has offered no testimony except his own."
"We have carefully examined the evidence submitted to the jury. We are frank to state that in our judgment it was more than adequate to sustain the *869 jury's verdict. However, in view of the nature of the error we are not here permitted to apply the so-called harmless error rule authorized in many instances by Sections 54.23 and 924.33, Florida Statutes, F.S.A. The importance of the procedural right discussed above has been underscored by the fact that the privilege has been included in an act of the Legislature by which we are bound. It is not within our judicial province to disregard completely this legislative enactment which undoubtedly was passed to provide for those accused of crime an orderly judicial safeguard for the determination of their rights. As an appellate court we cannot speculate on the effect that the closing argument might have had on the jury. We are here confronted with the necessity of recognizing and preserving an important right guaranteed to the accused by our statute. It is not our privilege to disregard it even though we as individuals might feel that this appellant is as guilty as sin itself. (Emphasis supplied.)
"We are therefore compelled to the conclusion that the denial of this right to the appellant was a substantial prejudicial error which requires a new trial."
See also Davis v. State, Fla.App. 1971, 256 So.2d 22; Cagnina v. State, Fla.App. 1965, 175 So.2d 577, and Wyatt v. State, Fla. App. 1972, 270 So.2d 47. In further extension, we are at a loss as a practical matter to know just how any criminal defendant could in fact make a demonstration of error because of the refusal of the trial court to follow the dictates of the Rule. It is inherent in the procedure, as all acquainted with trial tactics know, that the right to address the jury finally is a fundamental advantage which simply speaks for itself.
We do not know the rationale behind the denial of this vested procedural right to Lester. By way of volunteered comment, the fact that the defendants were represented by different attorneys who happened to be members of the same firm is of no moment as concerns the proper administration of Rule 3.250, supra. See Lopez v. State, Fla. 1953, 66 So.2d 807, and Faulk v. State, Fla. 1958, 104 So.2d 519. Furthermore, the fact that the state chooses to place multiple defendants on trial collectively can not serve as a diminution or abolishment of Rule 3.250, supra, because of any awkwardness in arranging the order of closing argument, or otherwise. See Faulk v. State, supra. While not exclusive, one method whereby Lester could have been afforded his right is as follows:
a. Mr. Kay (for Lester) opens.
b. State argues against all defendants.
c. Mr. Stahl argues on behalf of the defendants, Ricky Raysor and Raymond Raysor.
d. The State argues as concerns all defendants.
e. Mr. Kay (for Lester) presents the concluding argument.
The judgment and sentences of Ricky Raysor and Raymond Raysor are hereby affirmed. The judgment and sentence of the defendant, Roosevelt Lester, is hereby reversed and the case remanded for a new trial as to him.
Reversed in part; affirmed in part.
REED, C.J., and CROSS, J., concur.
NOTES
[1] "Rule 3.250 Accused as Witness. In all criminal prosecutions the accused may at his option be sworn as a witness in his own behalf, and shall in such case be subject to examination as other witnesses, but no accused person shall be compelled to give testimony against himself, nor shall any prosecuting attorney be permitted before the jury or court to comment on the failure of the accused to testify in his own behalf, and a defendant offering no testimony in his own behalf, except his own, shall be entitled to the concluding argument before the jury." These provisions are identical to those formerly found in F.S. 918.09. (Emphasis supplied.)