PER CURIAM.
This is an appeal of a judgment and sentence of fifteen years in prison, which followed a jury verdict finding the appellant guilty of third degree murder.
Appellant presents three points on appeal, however, our determination of this case makes it necessary to consider only appellant’s second point. His contention is well taken and requires reversal.
At the conclusion of the evidence placed before the jury, the court granted the state the right to opening and closing argument to the jury over the objection of appellant’s counsel. Upon cross-examination of Mr. Norman Lee, the director of the police crime laboratory for the Monroe County Sheriff’s Department, defense counsel inquired concerning tests run on a shirt. Counsel with the consent of the state attorney also had the shirt marked for identification.
Florida CrPR 3.250, 33 F.S.A., provides in part "... a defendant offering no testimony in his own behalf, except his own, shall be entitled to the concluding argument before the jury.” The rule supersedes former Fla.Stat. § 918.09, F.S.A. This language has been stated definitively to mean that a defendant who introduces no evidence in his own behalf, other than his own testimony, has a vested procedural right to the closing argument before the jury. Birge v. State, Fla.1957, 92 So.2d 819; Cagnina v. State, Fla.App.1965, 175 So.2d 577; Wyatt v. State, Fla.App.1972, 270 So.2d 47; Raysor v. State, Fla.App.1973, 272 So.2d 867.
The state argues that the record demonstrates that defense counsel clearly considered the shirt had been introduced into evidence and not solely marked for identifica *299 tion. This court recently has stated that it should appear that evidence actually has been offered and admitted and not simply marked for identification. Alexander v. State, Fla.App., 288 So.2d 538, opinion filed January 8, 1974. Moreover, it is not proper for defense counsel to introduce evidence upon cross-examining one of the state’s witnesses. Birge v. State, supra.
Therefore, for the reasons stated and upon the authorities cited, the judgment and sentence appealed are reversed, and the cause is remanded for a new trial.
Reversed and remanded.