# STATE OF FLORIDA v. RUTENBERG

## Case No. 83-664 CF-B

Seventeenth Judicial Circuit, Broward County

September 27, 1985

### APPEARANCES OF COUNSEL

**Carole Comfort Rice** for plaintiff.

**Joel Hirschhorn** for defendant.

### OPINION OF THE COURT

J. LEONARD FLEET, Circuit Judge.

### *ORDER ON STATE'S MOTION TO COMPEL DISCOVERY*

### *FACTUAL ANALYSIS*

The facts giving rise to the issue now under consideration by the Court, i.e., the State's Motion to Compel Defendant Joel Rutenberg to make reciprocal discovery, are as follows:

1. At all times material hereto, Paul Finkelstein and Joel Rutenberg, co-defendants in the above entitled action, were represented by the same attorney

2. *In behalf of Paul Finkelstein,* counsel made demand for discovery pursuant to F.R.Cr.P. 3.220(a)(1).

3. In response to the aforesaid demand for discovery, the Assistant State Attorney, on March 16, 1983, filed what appears to be an appropriate response thereto.

4. Shortly after receiving the State's answer to the demand of Defendant Finkelstein for discovery, counsel for both parties, *accompanied by Defendant Rutenberg,* came to the office of the State Attorney of the Seventeenth Judicial Circuit for the purpose of reviewing all discovery documents. A legal assistant in the office of the Broward County State Attorney made available to counsel for Defendant Finkelstein, accompanied by Defendant Rutenberg, an office in the suite occupied by the State Attorney so that the documents subject to discovery, which were voluminous, could be reviewed.

5. On January 23, 1985, the Assistant State Attorney made a formal demand for reciprocal discovery as contemplated by F.R.Cr.P. 3.220(b), upon *Defendant Rutenberg* predicated upon the theory that Defendant Rutenberg was, in fact, given the opportunity to inspect the "discovery documents".

6. Defendant Rutenberg had declined to respond to the State's Demand for Reciprocal Discovery pursuant to F.R.Cr.P. 3.220(b) thereby precipitating the State's filing of the instant Motion to Compel Reciprocal Discovery.

7. Defendant Finkelstein has entered a plea, pursuant to negotiations, and his case is no longer before the Court.

### ISSUE REQUIRING JUDICIAL ANALYSIS OF FACTS AND RESOLUTION OF LAW

"IS THE STATE OF FLORIDA ENTITLED TO RECIPROCAL DISCOVERY, AS CONTEMPLATED BY F.R.Cr.P. 3.220, BECAUSE A CLERK IN THE OFFICE OF THE STATE ATTORNEY INADVERTENTLY MADE AVAILABLE TO DEFENDANT RUTENBERG THOSE MATERIALS TO WHICH ONLY THE DEFENDANT FINKELSTEIN WAS, AS A MATTER OF RIGHT, ENTITLED?"

### ANALYSIS OF LAW

Neither counsel for the State of Florida nor counsel for Defendant

Rutenberg have been able to present to the Court any case law addressing itself to the matter now requiring resolution; indeed, this Court, by virtue of its own independent research, has been unable to locate any case upon the same or similar point. Notwithstanding the inability of counsel for the respective parties and the Court to locate a prior decision interpretating F.R.Cr.P. 3.220 in a situation similar to that now before the Court, such research was not in vain.

In *Faulk v. State*, 104 So.2d 519 (Fla. 1958), the Florida Supreme Court held that even though a defendant and her co-defendant were represented by common counsel, and even though in some measure defendant benefited from the testimony of a witness called by her co-defendant, nevertheless, the defendant, who did not offer any testimony in her own behalf, except her own, did not lose her statutory right to have her attorney give the first and last presentation in closing arguments made to the jury. The *Faulk* court ruled, and the Second District Court of Appeal in *Davis v. State*, 256 So.2d 22 (Fla. 1971) agreed, that the mere fact that several defendants in criminal prosecution are represented by the same attorney is not a factor to consider in applying the statutory privilege of an accused who offers no evidence in his own behalf, except his own, to the last of the concluding arguments before a jury. Elucidating further, the *Faulk* court said, at page 523:

". . . it is perfectly clear that the Legislature has provided that when a defendant offers no testimony in his own behalf, except his own, he is entitled to conclude before the jury. We do not feel justified in engrafting upon this statute additional conditions which would preclude joint defendants from selecting joint counsel or which would enable one defendant, if he is so minded, to call a witness in his own behalf and thereby deprive a co-defendant of the right to open and close merely because the testimony of the witness called by the one is of benefit to the other. If these additional requirements are to be added they will necessarily have to come from the Legislature rather than from this Court. When the state elects to place two or more defendants on trial collectively, it cannot thereby deprive a particular defendant of the privilege given by the subject statute even though a co-defendant elects to waive the privilege by offering testimony other than his own and even though the defendants are represented by common counsel. The fact that one defendant might offer testimony that could benefit another is the risk that the state assumes when it elects to charge and try two or more defendants collectively.".

The apparent strict adherence to what appears to be form over substance to the issue of the order of closing arguments in criminal

cases wherein joint defendants are represented by one attorney has not escaped judicial attention. In *Wilson v. State*, 284 So.2d 24, 26 (Fla. 2d DCA 1973) we find the following:

> "Experienced defense counsel, representing both appellants, carefully announced as he called the appellant Wilson and each of four witnesses to the witness stand that they were being called 'on behalf of the defendant Delores Wilson.' The appellant Jones testified on his own behalf. Defense counsel demanded on behalf of Jones the concluding argument before the jury. The testimony of one of the witnesses, Richard Ellis, was more favorable to Jones than to Wilson. The trial court noted that the praecipe for witness subpoena summoned the witnesses to court to testify on behalf of both appellants and that a discovery witness list, furnished on behalf of both appellants, named the witnesses who testified. Defense counsel was denied opening and closing arguments.

> . . . . . . . . . . .

> Apparently, form takes precedence over substance and knowledgeable defense counsel representing co-accused can profit by the state's joint charge and by timely announcement call on witnesses for one accused and preserve opening and closing arguments for the other accused. The opening and closing of final argument rule in Florida is one hundred twenty years old and, as explained in *Faulk v. State*, *supra*, was originally considered binding on trial judges because it was a substantial procedural right bestowed by the Legislature and it was said that any change or additional requirements would 'necessarily have to come from the Legislature rather than from this court.' Because of a new awareness that control of court procedural matters falls within the proper sphere of the judicial branch of government and revision of Article V of the Constitution of the State of Florida, this procedural rule is not now subject to the same veneration, but the Florida Supreme Court adopted Section 918.09 F.S. as Criminal Procedure Rule 3.250, 33 F.S.A., and there is no reason to believe the same language is subject to a different interpretation. Admittedly, the trial judge had discretion to have limited the time allotted for closing arguments but he could not reverse the order of argument over objection.

> Lay citizens do not understand cases like this where two persons under joint charges are found guilty by the same jury on the same testimony, yet the conviction of one is overturned on the technicality of which lawyer argued to the jury last. The Florida Bar has recommended the closing argument rule be changed, its psychology has been disputed and its constitutionality challenged, (*Preston v.*

*State*, Florida, 1972, 260 So.2d 501), but this court has followed it, *Davis v. State*, Fla. App. 1971, 256 So.2d 22, and it must be applied here. . . ."

The importance of the trial courts not imposing their own modifications upon the Florida Rules of Criminal Procedure was noted by the Fourth District Court of Appeals in *Raysor v. State*, 272 So.2d 867 (Fla. 4th DCA 1973). In that case, various defendants, some jointly charged and others consolidated for the purpose of trial, were convicted of robbery. All of the defendants were represented by two attorneys from the same law firm. One of the defendants offered no testimony in his own behalf except his own and requested the right for the concluding argument before the jury. The trial judge, apparently influenced by the fact that all of the defendants were represented by attorneys who were members of the same firm, denied the request for such concluding argument and the State was permitted, ultimately, to make the final presentation to the jury in closing arguments. In its presentation before the appellate court, the State of Florida did not deny the error and simply rested upon the premise that such error was harmless because the aggrieved party had failed to demonstrate any prejudice that accrued by reason of denial of the final presentation to the jury. The argument offered by the State was rejected by the Fourth District Court of Appeal which, in its opinion, quoted from the opinion of the Florida Supreme Court in *Birge v. State*, 92 So.2d 819, 821, 822 (Fla. 1957), to-wit:

. . . . . . . . . . .

We have consistently held that the right guaranteed to an accused by the cited statute is a vested procedural right the denial of which constitutes reversible error.

. . . . . . . . . . .

(W)hile a trial judge may exercise some discretion in arranging the order of addresses to the jury, he cannot deprive an accused of the right to the closing argument when he has offered no testimony except his own.

We have carefully examined the evidence submitted to the jury. We are frank to state that in our judgment it was more than adequate to sustain the jury's verdict. *However, in view of the nature of the error we are not here permitted to apply the so-called harmless error rule authorized in many instances by Sections 54.23 and 924.33, Florida Statutes, F.S.A.* The importance of the procedural right discussed above has been underscored by the fact that the privilege has been included in an act of the Legislature by which we are bound. It is

145

not within our judicial province to disregard completely this legislative enactment which undoubtedly was passed to provide for those accused of crime an orderly judicial safeguard for the determination of their rights. As an appellate court we cannot speculate on the effect that the closing argument might have had on the jury. We are confronted with the necessity of recognizing and preserving an important right guaranteed to the accused by our statute. *It is not our privilege to disregard it even though we as individuals might feel this appellant is as guilty as sin itself.* (emphasis in *Raysor v. State*).

In 1967, in an effort to bring a semblance of order to the hodgepodge of statutes and case law which then constituted the Rules of Criminal Procedure applicable in the trial of all "crimes" in the State of Florida, a limited number of rules were adopted which were made applicable only to those state courts wherein "crimes" were charged, with municipal courts specifically excepted from the coverage thereof. In 1972 an amendment to the Rules of Procedure was adopted so as to make such rules applicable to vehicular traffic offenses to the extent that such rules were adopted by the Traffic Court Rules. The revision of Article V of Florida's Constitution, effective January 1, 1973, completely revamped the trial court structure of Florida into a two tier system, abolishing the numerous and diversified courts with different jurisdictions throughout the 67 counties in this state.

The new constitutional structure, as mandated by the amendment of Article V of Florida's Constitution, led to the adoption by the Florida Supreme Court of Criminal Rules of Procedure much broadened in scope. These "new" rules governing the manner in which criminal cases were to be processed through Florida courts were promulgated on December 6, 1972. (In re: F.R.Cr.P., 272 So.2d 65 [Fla. 1972]). Rules adopted by the Florida Supreme Court for the practice and procedure in all of the courts of this state may be repealed by the Legislature only by general law enacted by a two-thirds vote of the membership of each house of the Legislature. Article V, Section 2(a). Thus, it is readily apparent that, with the sole exception as noted in Article V, Section 2(a), only the Florida Supreme Court may set forth the manner in which the State of Florida may become entitled to reciprocal discovery from an accused.

In the matter now before the Court, there is little doubt that the Defendant Rutenberg has received, and will continue to receive, the full benefit of any and all discovery made available by the state to his former co-defendant, Paul Finkelstein. There is, also, little doubt that the grant of access by the State of Florida to the voluminous "discov-

146

ery documents" to Defendant Rutenberg was the result of either error in the assumption that Defendant Rutenberg had requested such discovery material or, in the alternative, error in the assumption that the demand by the co-defendant Finkelstein—made by counsel jointly representing Finkelstein and Rutenberg—also bound Defendant Rutenberg.

The Court is not without sympathy to the position in which the State now finds itself; the Court cannot, however, overlook the fact that the position of the State is of its own creation. The State elected to jointly charge Defendants Finkelstein and Rutenberg and the State is the party that failed to insist upon strict adherence to F.R.Cr.P. 3.220 when it opened its filing cabinets full of discovery documents to counsel for Defendant Finkelstein in the actual presence of Defendant Rutenberg. Just as the trial court is without power to modify the Florida Rule of Criminal Procedure that permits a jointly accused defendant to have the right to final presentation to the jury in closing argument notwithstanding the fact that common counsel has called to testify those witnesses whose testimony inures to the benefit of one other than a particular defendant, so is the trial court without power to modify the Rules of Criminal Procedure as they relate to reciprocity in criminal discovery.

## RULING OF THE COURT

The foregoing considered, the State's Motion to Compel Reciprocal Discovery, filed April 30, 1985, must be, and the same hereby is, denied.