ROBERT B. HADDOCK v. STATE.

163 So. 482.
Opinion Filed October 9, 1935.
Rehearing Denied October 21, 1935.

*D. O. Rogers,* for Plaintiff in Error;

*Cary D. Landis,* Attorney General and *Dewey A. Dye,* State Attorney, for the State.

JOHNSON, Circuit Judge.—The plaintiff in error, Robert B. Haddock, was indicted in Polk County, Florida, for murder in the first degree. He was tried in Polk County, Florida, and found guilty of murder in the second degree, and was sentenced to twenty years in the State prison.

His case is in this Court on writ of error.

The plaintiff in error makes ten assignments of error. We do not deem it necessary to consider other than the third assignment.

The third assignment of error is: "The plaintiff in error contends that the Court erred in its ruling whereby the State was allowed the closing argument to the jury by the State Attorney on the trial of this cause."

The record discloses that the defendant testified in his own behalf, and that he called no other witnesses, or witness. In the progress of the defendant giving his testimony the following took place (quoting from the transcript):

"Q. Here is one corner and here is another (indicating) and you live here and she lives here (indicating)—is that right?

"A. Yes, I have a diagram here if that would help. (Taking paper from pocket.)

"Q. Let's see that.

"A. (Witness hands paper to Mr. Rogers.)

"Q. Doctor, what is the paper I am handing you?

"A. That's a diagram of the vicinity of my home at the time.

"Q. Does that show the place where the shooting took place?

"A. It does.

"Q. Approximately what is the width of King Avenue?

"A. About—I wouldn't say over eighteen or twenty feet from curb to curb.

"Q. How wide is Belmar Street?

"A. It is probably a foot or two wider than King—I wouldn't be positive.

"Q. Can you point out your house on that map and Mrs. Smith's house on that map and the neighboring houses?

"Mr. Dye: We object to exhibiting the paper to the jury unless it is in evidence.

"Mr. Rogers: I will offer it in evidence.

"Q. Was the map drawn by you as you understood the location there of the houses and streets?

"A. Yes.

"Mr. Dye: We have no objection. The plot was received and filed in evidence as 'Defendant's Exhibit No. 1.' "

At the conclusion of the defendant's testimony the State and the defendant both announced that they rested. Whereupon the following took place:

"The State Attorney then announced that inasmuch as the defendant had introduced a certain map or drawing portraying the scene of the shooting in this case, the relative positions of the parties, and the position of the automobile and the scene of the tragedy, which said drawing was evidence other than the testimony of the defendant; and that the defendant had lost the closing argument before the jury.

"The Court announced that he was familiar with the rule announced in the Crosby case and requested that said case be brought before the Court for study, and when the said case was brought into Court, the Court offered same to counsel for the defendant, who, at that time stated that he was familiar with the rule that if the defendant offered any testimony other than the defendant's own testimony, that he had lost the closing argument, and thereupon, he further stated that he thought the Court was right in his statement of the law and it might be that defendant had lost the closing argument.

"To which ruling of the Court, the defendant did, then and there, except."

The record discloses that the State Attorney was allowed to make the opening and closing argument before the jury.

The Court, later, in his order overruling defendant's motion for a new trial recites:

"I further certify and recite in the record that at the closing of the testimony by the defendant after the defendant had rested, the State announced that it rested and thereupon Honorable Dewey A. Dye suggested to the Court that inasmuch as the defendant had introduced a certain map, or drawing portraying the scene of the shooting in this case, the relative positions of the parties, and the position of the automobile and the scene of the tragedy, which said drawing was evidence other than testimony of the defendant; and that said defendant had lost the closing argument before the jury, and the Court announced that he was familiar with the rule announced in the Crosby case reported in 106 Southern, and requested that said case be brought before the Court for study, and when said case was brought into Court the Court offered same to counsel for the defendant, who at the time stated that he was familiar with the rule that if the defendant offered any evidence other than the defendant's testimony, that he lost the closing argument and thereupon stated that he thought the Court was right in his position that the defendant had lost the closing argument; whereupon the State's Attorney made the opening argument before the jury and the defendant answered, and the State's Attorney closed the argument before the jury, and no further request was made for argument by the defendant."

At the conclusion of the testimony, after both the State and the defendant had rested, the question as to whether the State or the defendant should have the closing argument to the jury was definitely put to the Court. The Court

undoubtedly ruled that the State should have the closing argument, to which ruling the defendant did then and there except.

Section 8386, Compiled General Laws, 1927 (Sec. 6081 RGS) provides: "In all criminal cases where the defendant offers no testimony in his own behalf, except his own, the attorney or attorneys for the defendant shall have the closing argument."

The trial Court, in ruling upon this question, invoked the ruling of the Supreme Court in the Crosby case (Crosby v. State, 90 Fla. 381; 106 Southern, 741).

The facts in the Crosby case are not parallel with the facts in the case at bar. In the Crosby case the defendant did not testify in his own behalf, neither did he offer any other witness to testify in his behalf. During the presentation of the State's case in chief one James A. McLean, a witness for the State, was on the stand. During his cross examination, or at the conclusion of his cross examination, defendant's counsel asked him the question:

"Q. Now on the 11th day of November, 1924, you gave Carl Crosby your receipt, did you not?

"A. Yes."

The receipt was produced, and without objection, was offered in evidence by the defendant; and was marked exhibit No. 5 for defendant. The receipt was for $204.19 and was signed "The McLean Realty Company by James A. McLean, Sec-Treas." The statute provides that if the defendant shall offer no testimony, other than his own, he shall be entitled to the closing argument to the jury. What is testimony and what is evidence?

As we see it testimony, in the trial of cases in court, is the act of presenting sworn statements, the submission of documents and other objects to prove or disprove matters in

issue. Evidence consists of the sworn statements, documents or other objects relevant and material to prove or disprove matters in issue. In the Crosby case the receipt offered by the defendant was testimony other than his own. Whether it became evidence in the case is immaterial.

In the case at bar the defendant, Robert B. Haddock, produced a map or plat, which he testified was drawn by himself. He used this map or plat to elucidate and explain his oral testimony. Without objection the map or plat was admitted by the Court.

In the case of Adams v. State, 28 Fla. 511, this Court held: "A map, plan or picture, whether made by the hand of man or photography, if verified as a true representation of the subject about which testimony is offered, is admissible in evidence to assist the jury in understanding the case. They are frequently formally admitted in evidence, and insofar as they are shown to be correct, are proper for the consideration of the jury, not as independent testimony, but in connection with other evidence, to enable the jury to understand and apply such evidence.

Likewise in the case of West v. State, 53 Fla. 78, this Court held to the same doctrine, citing a number of other Florida cases.

The map or plat drawn by the defendant and used by him in explaining his testimony was as much a part of his testimony as was his spoken word.

The trial Court erred in refusing the defendant the closing argument to the jury. For this reason the judgment must be reversed and a new trial awarded.

WHITFIELD, C. J., and TERRELL, BUFORD and DAVIS, J. J., concur.