HOBSON, Justice.
This is an appeal from a judgment of the Escambia County Court of Record on a verdict of guilty of assault with intent to commit murder in the second degree.
At the trial of the case, the following facts were developed: Certain deputy sheriffs and beverage department men came to appellants’ dwelling house to arrest them on charges pertaining to the operation of a whiskey still. These officers testified that .after they sought to open a back door of the house two shotgun blasts were fired out of the door in the general direction of the officers, although none were hit or received powder burns. Appellants took the stand and denied that they had fired any shots. A view of the premises was had under .the direction of the court. Pictures ■of the door taken the day before the trial were offered in evidence by appellants. *5 These pictures showed holes from four pistol shots fired from the outside and also two shotgun charges fired from the outside. The officers testified that the photographs were not a true representation of the door at the time the crime was committed. The appellants denied this. The officers further testified that immediately after the crime was committed there were no marks of shotgun pellets on the door, and that they had pushed the door wide open before the first shotgun blast was fired. In searching the inside of the bathroom to which this door gave access the officers had found two recently fired shotgun shells and two unfired shotgun shells.
The first question sought to be presented by appellants assumes that the physical evidence shows it to have been impossible for appellants to have fired on the arresting officers. The question actually goes to the sufficiency of the evidence. We have studied the record at length and are convinced that there is competent substantial evidence upon which the jury could well have found a guilty verdict, and the contention of appellants upon this point is not well taken.
The second point raised by appellants poses the only problem in the case. At the trial, after appellants had identified and offered in evidence the photographs alluded to above, the trial court, over objection, ruled that by so doing they had forfeited their right to the opening and closing arguments, and appellants contend that this ruling of the court was error under F.S. Sec. 918.09, F.S.A., which provides in part that “a defendant offering no testimony in his own behalf, except his own, shall be entitled to the concluding argument before the jury.”
In Talley v. State, 160 Fla. 593, 36 So.2d 201, we held that a photograph which was received in evidence on behalf of the defendant constituted “testimony” within the meaning of the above statutory language and that the trial court did not err in refusing defendant’s counsel the opening and closing arguments. Appellant herein contends, however, that the case of Haddock v. State, 121 Fla. 167, 163 So. 482, is closer to the instant case. The Haddock case involved a rough sketch or map which the defendant drew of the scene of the shooting for the purpose of .explaining his testimony. It was held that this activity on defendant’s part did not deprive his counsel of the closing argument because the map was as much a part of the defendant’s testimony as his spoken word. The photographs in the instant case are not the work of appellants, but represent important independent parts of their case, tending to prove facts in issue. It is therefore apparent that the Talley case is controlling and that the trial court did not err in taking the action which is here challenged.
It follows that the judgment appealed from must be, and it is hereby, affirmed.
DREW, C. J., and THOMAS and THORNAL, JJ., concur.