LILES, Judge.
Appellants Weeks and Surrey were charged by information with the robbery of a service station in Pinellas County. They were tried by a jury and found guilty.
The state produced a witness at the trial who testified concerning the events on the night of the robbery. This witness testified that he drove the codefendants to their home to obtain clothing with which to commit the robbery, and then drove them to the alleged area of the robbery. Weeks and Surrey left the car and returned sometime later saying they had robbed a service station. One of the defendants had a rifle, and the state’s witness identified it in court.
The state’s next witness was a service station attendant who testified that he was robbed on the night in question by two unknown persons, and that one of the robbers had a rifle.
Benny Weeks’ sister, Linda Fay Weeks, testified for the defense that defendant Surrey was with her in Louisiana on the night of the robbery. During cross-examination of this witness, and in closing argument, the state attorney referred to Miss Weeks as an “acid head.”
Appellants raise these issues on appeal:
1) The evidence was insufficient to sustain the verdict because of inconsistencies in the testimony of one of the state witnesses.
2) The remarks made by the state attorney that Miss Weeks was an “acid head” were prejudicial and resulted in an unfair trial.
3) A rifle allegedly used in the robbery was improperly admitted in evidence.
Having examined the record, we find that there is no merit to any of these arguments. The state presented evidence to establish the elements of the crime and the connection of the defendants with the crime. At this point it became the province of the jury to determine the credibility of the witnesses and the weight of the evidence. Fast v. State, Fla.App.1966, 193 So.2d 210.
The question of Miss Weeks’ use of “acid” came up on cross-examination and was a proper subject for cross-examination. Remarks by the state attorney in closing argument that Miss Weeks was an acid head were perhaps over zealous and unwise, however, there was no objection made at the trial and this court therefore cannot review the challenged argument. State v. Jones, Fla.1967, 204 So.2d 515.
As to the admission of the rifle into evidence, appellant’s arguments go to the weight of the evidence, not to its admissibility. Mobley v. State, 41 Fla. 621, 626, 26 So. 732 (1889) ; Hunt v. State, Fla.App.1965, 172 So.2d 626.
The judgment of the trial court is affirmed.
HOBSON, C. J., and MANN, J., concur.