304 So.2d 493 (1974)
Maxine Jones GRIMSLEY, Appellant,
v.
STATE of Florida, Appellee.
No. V-139.
District Court of Appeal of Florida, First District.
December 12, 1974.
*494 Louis O. Frost, Jr., Public Defender, and James O. Brecher, Asst. Public Defender, for appellant.
Robert L. Shevin, Atty. Gen., and Carolyn M. Snurkowski, Asst. Atty. Gen., for appellee.
McCORD, Judge.
Appellant was tried by jury and found guilty of grand larceny. This appeal is from her judgment and sentence.
Appellant raises two points on this appeal. First, she contends that certain remarks of the assistant state attorney, in his closing argument to the jury, were prejudicial to her. It appears, however, that this question has been raised for the first time on appeal. No objection to the remarks was made at the trial and appellant did not raise this point as an issue in her motion for new trial. The question cannot now be raised for the first time on appeal. Smith v. State, Fla.App.3rd, 243 So.2d 602; Weeks v. State, FlaApp.2d, 241 So.2d 203; and State v. Jones, Fla. 204 So.2d 515.
Appellant next contends that the trial court erred in denying her the right to make the opening and closing final arguments to the jury. Rule 3.250, F.R.Cr.P. (formerly § 918.09, Florida Statutes) provides that "a defendant offering no testimony in his own behalf, except his own, shall be entitled to the concluding argument before the jury." In the trial, at the conclusion of the state's case in chief, it rested and defendant then rested without putting on any testimony. During the presentation of the state's case, however, defense counsel, in his cross examination of one of the state's witnesses asked her to draw a diagram of the second floor of the building where she had testified the larceny occurred. The state objected and the court overruled the objection but asked defense counsel if in the interest of time this was a necessary portion of his case. Defense counsel replied, "Yes, sir; and based on her own testimony  if she could show the jury the second floor, and the desk, and the places that she's referred to, so the jury would have the picture of where the defendant was, and the other saleslady, and the other people were there. The jury would better understand the situation." The witness then drew the diagram and it was offered in evidence by defense counsel. The state made no objection and it was admitted out of proper order by the court as defendant's exhibit no. 1. The trial court ruled that by defendant's introduction of this evidence, he lost his right to make the opening and closing arguments. We agree. In Barkley v. State, 152 Fla. 147, 10 So.2d 922, the Florida Supreme Court said:
"During the cross examination of a witness for the State counsel for the defendant asked him to identify a sketch of the premises and then, when redirect examination was concluded, requested that `this map [be] marked for identification.' After the testimony of the defendant had been terminated and at the close of the rebuttal by the State the defendant sought to make the map a part of the evidence in the case by requesting that the `Court * * * let the Jury have the benefit of that map as the Court's evidence.' The attorney for the State objected but stated that `if counsel wants to introduce it in evidence, it is perfectly agreeable to the State to have it go to the Jury, but not as the Court's evidence.' Final reference to this incident in the record is: `The Court: Motion denied. He can introduce it as the defendant's evidence.' Whether the defendant then decided to present the evidence in his own behalf is not shown, but presumably he did not because defendant's attorney was the last speaker. This procedure does not disclose any abuse of discretion on the part of the court. The offer should have been made during the presentation of defendant's testimony and that opportunity having passed he should not have been allowed the benefit of the map `as the Court's evidence.' The reason is patent. The *495 defendant offered no testimony save his own, thus assuring his counsel of the closing address to the jury. Section 214, Criminal Procedure Act, Acts 1939, c. 19554, section 918.09, Florida Statutes, 1941. Under the ruling in Crosby v. State, 90 Fla. 381, 106 So. 741, he would have lost his advantage had the sketch been introduced by him. The court was correct in not allowing the defendant the benefit of the evidence and at the same time saving to him the advantage of the final argument to the jury."
We call particular attention also to Crosby v. State, cited in the above quotation.
Affirmed.
JOHNSON, J., and MASON, ERNEST E., Associate Judge, concur.