320 So.2d 424 (1975)
Daniel C. LYTTLE, Appellant,
v.
STATE of Florida, Appellee.
No. 75-283.
District Court of Appeal of Florida, Second District.
October 15, 1975.
Rehearing Denied November 7, 1975.
James A. Gardner, Public Defender, and Steven H. Denman, Asst. Public Defender, Bradenton, for appellant.
Robert L. Shevin, Atty. Gen., Tallahassee, and Robert J. Landry, Asst. Atty. Gen., Tampa, for appellee.
HOBSON, Acting Chief Judge.
Appellant appeals a judgment and sentence of life imprisonment for the crime of forcible rape.
The appellant asserts that he was denied his right to closing argument to which he was entitled under RCrP 3.250 which provides in part:
"[A] defendant offering no testimony in his own behalf, except his own, shall be *425 entitled to the concluding argument before the jury."
The record discloses that the appellant took the stand and testified in his own behalf; however, it further shows that during the State's case in chief the defendant introduced into evidence a note from his mother to him. The note was first mentioned by a State's witness on direct examination. The State's witness, after identifying the note, was asked by the prosecuting attorney, "What did the note say?" The witness then read the note verbatim in front of the jury. The State did not introduce the note into evidence. Subsequently, on cross-examination, the defense again asked the witness to read the note, which he did, and then it was introduced into evidence as a defense exhibit.
The State contends that the defense, by introducing into evidence the note, lost the right to closing argument. They rely on Crosby v. State, 1925, 90 Fla. 381, 106 So. 741, and Grimsley v. State, Fla.App. 1st 1974, 304 So.2d 493. In both Crosby and Grimsley the evidence introduced was first brought out in the State's case by the defense counsel on cross-examination and then introduced by the defense in the State's case. Under these facts in both Crosby and Grimsley it was held that the defendant forfeited his right to closing argument.
In Crosby it was stated at page 746:
"... The written receipt itself was no part of the state's evidence adduced upon cross-examination of its own witness. Because the defendant desired to put the receipt itself in evidence, and chose that particular time to do so does not constitute the receipt a part of the state's evidence. To so regard it would utterly deprive the state of control of its own case and throw the whole trial into confusion. Cross-examination by the defendant of a state's witness, when confined to its legitimate scope, would not deprive the defendant of the closing argument under either statute, but when the defendant, on cross-examination of a state's witness, identifies a document theretofore unmentioned in the state's case, and of his own motion, then places the document itself in evidence, such procedure passes entirely beyond the realm of cross-examination. The indubitable effect, then, of such procedure, is to offer testimony for the defendant. Consequently he is deprived of the closing argument, under section 6080." (emphasis added)
In the instant case, not only did the State identify the note in its own case, but had its own witness read the note verbatim before the jury. Under these facts the note was part of the State's evidence even though the defense introduced the note into evidence during cross-examination of the State's witness. We think that this is a substantial distinction from Crosby and Grimsley and that the appellant was entitled to closing argument.
In view of our reversal on this point and the granting of a new trial, the other points on appeal become moot.
Reversed and remanded for a new trial.
SCHEB, J., concurs.
BOARDMAN, J., dissents with opinion.
BOARDMAN, Judge (dissenting).
After full consideration of the record, I cannot agree with the majority opinion in reversing and remanding this cause for new trial under RCrP 3.250.
We are cognizant of and agree with the long line of Florida decisions to the effect that when a defendant's testimony is the only testimony offered in his own behalf that he is entitled, as a matter of substantial procedural right, to concluding argument before the jury. This is not such a case. The defendant not only testified in his own behalf, but, in addition, introduced *426 into evidence an exhibit marked "Defendant's Exhibit No. 1." Clearly, this exhibit was not defendant's testimony, but the testimony of another person. It was a note written to the defendant by his mother and found in the car he was driving by one of the investigating officers on the night defendant was alleged to have committed the offense with which he was charged. The said exhibit had been previously marked as "State's Exhibit No. 6," but not introduced into evidence, and was read to the jury by the investigating officer in the state's case in chief without objection. It was on cross-examination of this witness that the note was introduced into evidence by defense counsel as defendant's Exhibit No. 1, and, at his request, read to the jury. The record shows as follows:
MR. BROWN [DEFENSE COUNSEL]: I would like to introduce this in evidence.
MR. BUCKLE [ASSISTANT STATE ATTORNEY]: As a defense exhibit?
MR. BROWN: Defense Exhibit 1.
THE COURT: It may be received. (Bracketed material supplied).
At the conclusion of all the evidence, the trial court announced it would allow each side 1/2 hour for closing argument; whereupon the following colloquy took place:
MR. BROWN: I have first shot, Mr. Buckle and then me again.
THE COURT: I don't believe so.
MR. BROWN: I have only put the defendant on.
THE COURT: You put in some evidence.
MR. BROWN: But I have only put one witness on, the defendant.
As I construe the record, defendant has done more than testify in his own behalf and, therefore, he was not entitled to the concluding argument before the jury. I believe the rationale of Crosby v. State, 1925, 90 Fla. 381, 106 So. 741, is applicable here. The defendant in Crosby, supra, did not testify in his own behalf. The court held:
It cannot be said that this receipt was "his own" (defendant's) testimony, as the expression is used in the statute, because it is the receipt of McLean Realty Company. It was identified and offered in evidence by the defendant during the testimony of a witness other than the defendant. It is, therefore, evidence on behalf of the defendant, but not "his own testimony."
The Crosby case was decided by our supreme court under Section 6081, Revised General Statutes, 1920, the language of which was essentially similar to the provisions of present Rule 3.250, supra.
For the above reasons, I respectfully dissent.