364 So.2d 766 (1978)
Rodolfo GARI, Appellant,
v.
STATE of Florida, Appellee.
No. 77-2122.
District Court of Appeal of Florida, Second District.
October 6, 1978.
Rehearing Denied November 27, 1978.
Jack O. Johnson, Public Defender, Bartow, and Karal B. Rushing, Asst. Public Defender, Tampa, for appellant.
Robert L. Shevin, Atty. Gen., Tallahassee, and C. Marie King, Asst. Atty. Gen., Tampa, for appellee.
GRIMES, Chief Judge.
This is an appeal from a conviction of receiving stolen property.
A number of personal items were stolen from the trailer of Ida H. Gottshall. A few days later she accompanied Detective Napoli to appellant's store where she spotted several of her possessions which had been stolen. Napoli then placed appellant under arrest. The appellant spoke only Spanish, but Napoli could not speak Spanish even though he understood it when spoken. Therefore, he had Ms. Gottshall translate for him so that he could give appellant the Miranda rights and in order that he might interrogate appellant. Through Ms. Gottshall acting as an interpreter, appellant consented to a search of his entire store. As a result of the search additional possessions of Ms. Gottshall were found. During the course of the interrogation appellant wrote *767 a statement in Spanish explaining how he came into possession of the stolen property.
During the direct examination of Detective Napoli the appellant's statement was introduced into evidence as a state exhibit. At the request of the state the court directed an interpreter to read the statement to the jury in English. After the state rested, appellant introduced as an exhibit a typed English translation of his statement. The only witness for the defense was appellant himself. Over appellant's objection, his counsel was not permitted to make the concluding argument to the jury.
Fla.R.Crim.P. 3.250 provides that if a defendant offers no testimony on his own behalf except his own he shall be entitled to the concluding argument before the jury. The erroneous denial of this right cannot be deemed harmless error. Raysor v. State, 272 So.2d 867 (Fla. 4th DCA 1973).
The determination of whether appellant's counsel was entitled to close depends upon the effect of appellant's introduction of the English translation of his statement. The state properly notes that, ordinarily, the introduction of documentary evidence by a defendant forfeits his right to make the concluding argument. Talley v. State, 160 Fla. 593, 36 So.2d 201 (1948); Crosby v. State, 90 Fla. 381, 106 So. 741 (1925). However, we believe this case is controlled by the exception discussed in Lyttle v. State, 320 So.2d 424 (Fla. 2d DCA 1975).
In Lyttle, a state witness on direct examination mentioned a note sent by the defendant's mother to the defendant. At the request of the prosecuting attorney the witness then read the note verbatim in front of the jury. The state did not introduce the note into evidence. On cross-examination, after the defense again asked the witness to read the note, the defendant caused it to be introduced into evidence. On these facts we held that because the note had been identified and read to the jury in the state's case, it was actually part of the state's evidence even though the defendant himself later introduced the note into evidence.
The same thing happened here. After introducing the appellant's Spanish, handwritten statement, the state caused the statement to be read to the jury in English by a translator. It was only thereafter that the appellant introduced as an exhibit an English transcription of the same statement. Under these circumstances, the appellant's introduction of this exhibit could not deprive him of his important right to make the concluding argument.
The cases of Crosby v. State, supra, and Grimsley v. State, 304 So.2d 493 (Fla. 1st DCA 1974), relied upon by the state are distinguishable. In Crosby, the written receipt in question was first read to the jury while a state's witness was being cross-examined. In Grimsley, the diagram later introduced into evidence had been drawn by a state's witness during cross-examination.
The similarity of this case with Lyttle makes it unnecessary for us to consider whether, even if the statement had been first read to the jury during cross-examination, it could be considered as anything other than appellant's testimony in his own behalf because the statement was written by appellant, himself. Cf. Haddock v. State, 121 Fla. 167, 163 So. 482 (1935). It is also unnecessary for us to rule on the propriety of the restitution ordered as a condition of appellant's probation. However, because this case is going to have to be retried, we have considered appellant's argument that his motion to suppress should have been granted, and we find the contention wanting. The motion to suppress was properly denied.
The judgment and sentence are reversed, and the case is remanded for further proceedings.
HOBSON and RYDER, JJ., concur.