405 So.2d 785 (1981)
Robert Lee PAULK, Appellant,
v.
STATE of Florida, Appellee.
No. 80-1717.
District Court of Appeal of Florida, Fourth District.
November 12, 1981.
Richard L. Jorandby, Public Defender, and Gary Caldwell, Atty., West Palm Beach, for appellant.
Jim Smith, Atty. Gen., Tallahassee, and Andrea T. Mohel, Asst. Atty. Gen., West Palm Beach, for appellee.
BERANEK, Judge.
Defendant appeals his conviction of aggravated assault. We conclude that error has not been demonstrated and in affirming choose to comment on only one point raised by appellant.
*786 The trial court denied appellant's request to have the concluding argument before the jury. The defendant is generally held to have this right if he offers no testimony in his own behalf other than his own. See Crosby v. State, 90 Fla. 381, 106 So. 741 (1925), and Florida Rule of Criminal Procedure 3.250. The introduction of other evidence by a defendant results in a waiver of the right to present the concluding argument. In the present case, the defendant introduced documentary evidence while in the process of cross-examining a state witness. The document was received as a defense exhibit and the court ruled, in accordance with Crosby v. State, supra, and Grimsley v. State, 304 So.2d 493 (Fla. 1st DCA 1974), that defendant thereby waived the right to concluding argument. Defendant contends this was reversible error because the document had been previously mentioned in the State's case. Defendant urges that Lyttle v. State, 320 So.2d 424 (Fla. 2d DCA 1975), requires a different ruling. We conclude the trial court correctly applied the Crosby and Grimsley precedents rather than the Lyttle rationale. The existence of the document in question had merely been mentioned in the State's case and none of its content had been presented or disclosed in any way. The document was mentioned in an incidental fashion only and was in no way part of the State's evidence. As such, when it was introduced by defendant, it constituted independent evidence on defendant's behalf. The court correctly ruled that defendant thereby did not have concluding argument. All other points are without merit.
AFFIRMED.
LETTS, C.J., and OWEN, WILLIAM C., Jr., Retired, Associate Judge, concur.