THREADGILL, Judge.
Frank Graddy was charged with and convicted of delivery of cocaine, possession with intent to deliver, and possession with *1243 intent to use drug paraphernalia.[1] He challenges his convictions on the ground that the trial court erred in denying him the right to the concluding argument before the jury in violation of Florida Rule of Criminal Procedure 3.250. We reverse.
The appellant was arrested in a sting operation during which a confidential informant purchased two pieces of crack cocaine from him. On cross-examination, defense counsel asked the officer who searched the informant’s car before the sting to hold up the baggie containing the two pieces of cocaine purchased from the appellant and marked as a state’s exhibit for identification. Upon the state’s motion, the trial court ordered the cocaine into evidence as a defense exhibit. As a result the appellant lost the right to open and close in closing argument.
The right to open and close is a vested procedural right, the denial of which constitutes reversible error. Birge v. State, 92 So.2d 819 (Fla.1957). As in Birge the mere exhibition of evidence before the jury by the state’s witness did not constitute the introduction of testimony on behalf of the appellant because defense counsel did not offer or intend to offer the cocaine into evidence. Moreover in this case the baggie had already been marked for identification by the state and was necessary to a conviction against the appellant. See Paulk v. State, 405 So.2d 785, 786 (Fla. 4th DCA 1981) and Crosby v. State, 90 Fla. 381, 106 So. 741 (1925) (evidence not part of state’s case).
We therefore reverse the judgment and remand for a new trial.
Reversed and remanded.
HALL, A.C.J., and BLUE, JJ., concur.

. §§ 893.13( 1)(a) 1., 893.13(l)(f), Fla.Stat. (Supp. 1990); § 893.147(l)(a), Fla.Stat. (1989).