849 So.2d 343 (2003)
Kenneth ZACKERY, Appellant,
v.
STATE of Florida, Appellee.
No. 4D01-3909.
District Court of Appeal of Florida, Fourth District.
April 23, 2003.
Order Granting Rehearing July 16, 2003.
*344 Carey Haughwout, Public Defender, and Louis G. Carres, Assistant Public Defender, West Palm Beach, for appellant.
Charles J. Crist, Jr., Attorney General, Tallahassee, and Consuelo Maingot, Assistant Attorney General, Fort Lauderdale, for appellee.
FARMER, J.
The issue in this conviction for armed robbery and use of a false name is whether defendant waived his right to conclude closing argument by offering into evidence two still photographs he made from a videotape entered into evidence by the state. We hold that he did waive the right by the evidence and affirm.
Rule 3.250 provides in part as follows:
"a defendant offering no testimony in his or her own behalf, except the defendant's own, shall be entitled to the concluding argument before the jury."
Fla. R.Crim. P. 3.250. In spite of the literal text, which appears to apply only to testimony, this rule applies as well to documentary evidence. See Talley v. State, 160 Fla. 593, 36 So.2d 201 (1948); Crosby v. State, 90 Fla. 381, 106 So. 741 (1925); and Gari v. State, 364 So.2d 766, 767 (Fla. 2d DCA 1978) ("The state properly notes that, ordinarily, the introduction of documentary evidence by a defendant forfeits his right to make the concluding argument."). Consequently, unless there is an exception to what appears to us to be a clear rule, the trial judge did not err in refusing defendant's claim to close the argument.
Defendant argues that he is in the identical position and entitled to the same exception as the defendant in Gari. There, during the state's case a witness interpreted a statement defendant had written for the police in Spanish. Later, defendant offered a writing of an English translation of the same document as evidence, and it was admitted.[1] In finding that he had not thereby waived his right to conclude the argument, the court said:
"After introducing the appellant's Spanish, handwritten statement, the state caused the statement to be read to the jury in English by a translator. It was only thereafter that the appellant introduced as an exhibit an English transcription of the same statement. Under these circumstances, the appellant's introduction of this exhibit could not deprive him of his important right to make the concluding argument."
364 So.2d at 767. The court's rationale was that the written version of the translation was "actually part of the state's evidence even though the defendant himself *345 later introduced the note into evidence." Id. In short, because the state had read the translation as part of its own evidence, merely adding a writing what was read could not possibly amount to a defendant "offering [evidence] in his own behalf" as the rule provides.
The flaw in defendant's argument here is that the state offered only the video tape. Still photographs, even if made from the tape, were not part of the state's case. The still photos were enlarged versions of something from the video and showed in more detail what might not have been apparent merely watching the video itself. Thus, defendant offered evidence in addition to that which the state offered and thereby waived the right to conclude closing argument. See Scott v. State, 559 So.2d 269, 273 (Fla. 4th DCA 1990) ("Since appellant opted to introduce other parts of the tape in his case, the trial court did not abuse its discretion when it refused to grant him final closing argument.").
We do not gainsay the importance of the right to conclude final argument. Nonetheless, the right is not unqualified, or the rule would not exist. Because it is a rule of clear import, it is not ours to erode by adding our own exceptions or by enlarging it beyond its clear meaning. Under the terms of the rule, if a defendant wants to preserve the right to close, he is limited to his own testimony once the case has been passed to him by the state. We do not address, however, what the outcome should be if before trial the tape had been transformed from ordinary videotape into a computer presentation and, during cross-examination of the state's witness testifying as part of the computer presentation, the action was frozen and enlarged for questioning.
AFFIRMED.
STEVENSON and HAZOURI, JJ., concur.

ON MOTION FOR REHEARING
FARMER, C.J.
In his motion for rehearing, defendant advises for the first time that the "videotape" used by the prosecution at trial was not in fact a conventional videotape of a motion picture depicting continuous action. Instead defendant asserts that it was:
"merely a collection of [still] photographs put together by the prosecution onto a tape to simulate movement and was a mere imitation of a videotape."
The State has responded by arguing that defendant's description of the "videotape" is not accurate. In the words of the State, the "videotape" presented at trial was:
"a single video recording device which was fed sequentially from a number of cameras located around the store. Each shot from the cameras fed into the single recording device frame by frame, so that, as the store manager described, it did not `go like a normal mode,' like if you were watching a VCR movie. It just depicts frame by frame."
To resolve this conflict, we have ourselves actually viewed the "videotape" presented by the State at trial.
What the State neglects to admit in its response to the motion for rehearing is that cameras fed only still photographs into the recording device, not conventional motion pictures. Hence we conclude that defendant's description is more accurate than the State's. The "videotape" presentation at trial was nothing more than an assemblage of still photographs and not a videotape of a continuous action, motion picture, as we were led to believe in the briefs.
Applying, therefore, the rationale of our original opinion in this case, we *346 conclude that the still photographs offered by defendant were nothing more than duplicates of individual still photographs included in the "videotape" adduced by the State. In that light, defendant's evidence qualifies as the functional equivalent of the translation in Gari v. State, 364 So.2d 766 (Fla. 2nd DCA 1978). For that reason, it was error to refuse to afford defendant the right conferred by rule 3.250 to open and close final argument.
Accordingly, we grant the motion for rehearing. The judgment of conviction is reversed, and the case is remanded for a new trial.
STEVENSON and HAZOURI, JJ., concur.
NOTES
[1] The court's opinion does not indicate who prepared defendant's English translation or whether it differed in any respect from that which the interpreter read to the jury during the state's case. We assume from this silence that there was no material difference in the oral and written translations.