MARY HEFFRON vs. THE STATE OF FLORIDA.—(TWO CASES.)

1. Under the provisions of our statute, the defendant in a criminal case has a right to the concluding argument before the jury, when he introduces no testimony on the trial.

2. The statute which secures to the defendant in criminal cases the right to the concluding argument, is mandatory in its character, and a denial of the right by the court may be the subject of a bill of exceptions.

These cases were decided at Tallahassee.

Two indictments were found against the appellant for selling liquor to a negro, upon which she was convicted at the fall term, 1857, of the Circuit Court for Franklin county.

The defendant, having upon the trial offered no evidence, claimed the conclusion of the argument before the jury, under the act of the General Assembly, approved January 3d, 1853, which enacts, "that from and after the passage of this act, in all cases wherein the defendant upon his trial introduces no testimony, he shall, by himself or

counsel, be entitled to the concluding argument before the jury, as is now the practice in the trial of civil cases."

The Court below denied the defendant the right to conclude, upon the ground that it was clearly and manifestly the intent of the Legislature, in the passage of the above recited act, to conform the practice in criminal to the practice in civil cases ; and, inasmuch as at the time of passing such act of conformity, there was no such practice in civil cases as would give the defendant the conclusion of the argument, when he introduced no testimony, the said act of January 3d, 1853, conferred no right upon the defendant in a criminal prosecution which he did not possess before.

*D. P. Holland* for the appellant.

*M. D. Papy*, Attorney General, for the State.

DuPONT, J., delivered the opinion of the Court.

The appellant was tried and convicted in the Circuit Court of Franklin county, upon two indictments, for selling spirituous liquor to a negro. The appeal was, by consent of counsel, transferred from Marianna to Tallahassee, and has been argued at this term of the court. In the one case, the only error assigned is the refusal of the Judge who presided at the trial to permit the counsel for the prisoner to conclude the argument before the jury. In the other case, the same error is assigned, with several others, which it becomes unnecessary to consider, inasmuch as the views which we entertain upon that point are decisive of both cases.

The statute (Pamph. Laws of 1852–3, page 116) provides, that "in all cases wherein the defendant upon his trial introduces no testimony, he shall, by himself or counsel,

be entitled to the concluding argument before the jury, as is now the practice in the trial of civil cases."

On the part of the appellant it is insisted that the force and effect of the statute is the grant of a positive right, which it is not in the power of the court to disregard or abridge. For the State, it is contended by the Attorney General, that it was the evident intent and object of the statute to assimilate the practice in this particular in civil and criminal proceedings, and that in the absence of a rule of court giving that privilege in civil proceedings, the statute is wholly nugatory. It is further insisted, that even if the practice on the civil side of the court should be found to have accorded this privilege, yet that being a mere matter of practice and within the discretion of the court, a denial of the right is not such an exception as that error can be predicated upon it.

Without undertaking to determine what is or ought to be the practice of the circuit courts in civil cases, we have no hesitancy in saying that the statute was intended to secure to the defendant the right to conclude in criminal cases, where he introduces no testimony, and that the requisition is mandatory. As to the policy and propriety of the provision, it is not our province to determine. It is true that in the "Rules of Practice" which have been framed for the government of the circuit courts, there is no rule prescribing the practice in this particular, yet by reference to the books on practice, it will be found that such a rule prevailed at common law.—(1 Arch. Practice 172.) Whether or not, in the absence of a positive rule on the subject, the circuit courts are bound by the common law rule, we do not decide, nor are we informed what is the practice in those tribunals in civil causes.

On the second point made by the Attorney General, we find by reference to the case of Day vs. Woodworth, (13

How. S. C. Repts. 363,) in which it is ruled that " the right to open and close is so far dependent upon the discretion of the court below, that it is not the subject of a bill of exceptions." By a careful examination of this case, it will be seen that the ruling of the court is based upon the assumption that the right here claimed was a mere " matter of practice, and that the Circuit Court of Massachusetts had the right to make its own rules." The decision is evidently placed upon the ground that error cannot be predicated upon the exercise of a discretionary power. If we are correct in our conclusion, that the right claimed in the cases before us, is one growing out of a positive enactment of the Legislature, and that it is mandatory in its character, then it is manifest that the authority referred to can have no bearing with us.

The court is of opinion that the judge who presided at the trial of these cases erred in refusing to permit the counsel for the defendant to close the argument before the jury, he having introduced no testimony to support the defence. Therefore let the judgments pronounced in the two cases respectively be *reversed*, the verdicts be set aside and a new trial be had.