PER CURIAM.
By this petition for a writ of certiorari, petitioner seeks review of the respondent’s decision affirming a prior order of revocation of petitioner’s driver’s license for a period of five years.
Petitioner contends that it was an abuse of discretion on the part of the Department of Highway Safety & Motor Vehicles to refuse to review the petitioner’s case on the merits to determine whether the penalty required under the “habitual traffic offender” statutes should be modified. Specifically, it is contended that there is a direct conflict between Florida Statutes, Sections 322.27(5) and 322.-28(2) (c), F.S.A. The former states that the Department shall revoke the license of any person designated an habitual offender and such person shall not be eligible to be relicensed for a minimum of five years. The latter, § 322.28(2) (c), provides that any person having his license revoked or suspended may apply to the Department for review of said revocation or suspension and restoration of his driving privileges. The conflict, contends petitioner, becomes obvious when one turns to F.S., § 322.331, F.S.A., which states that “at the expiration of five years from the date of license revocation, a person whose license has been revoked under § 322.27(5) may petition the Department for restoration of driving privileges.”
While at first glance, there does appear to be a conflict in the statutes with regard to the restoration of driving privileges to an habitual traffic offender before the five year period has ended, further perusal of the “habitual traffic offender” act, as enacted in 1972, reveals that the Legislative intent to deprive the habitual offender of driving privileges for a period of five years is clear. In 1972, along with the enactment of provisions applying to the habitual traffic offender, the Legislature also amended § 322.271 to exclude those persons whose licenses had been revoked as habitual traffic offenders from administrative hearings conducted by the Department for the purpose of modifying a suspension or ■revocation, or restoring a license on a restricted basis in a hardship case. This, coupled with the specific language of § 322.221, renders it absolutely clear that the habitual traffic offender, as defined in F. S. § 322.264, F.S.A., and as appellant admittedly is, is not entitled to have his driving privileges restored until the expiration of five years from the date of license revocation. Indeed, the Legislative intent as set forth in § 322.263 is to deny the privilege of operating motor vehicles to persons who, by their conduct and record, have demonstrated their indifference for the safety and welfare of others and their disrespect for the laws and to discourage repetition of criminal action by imposing increased and added deprivation of the driving privilege upon individuals who have been repeatedly convicted of violations of traffic laws.
*262 The Legislative intent being clear, and there appearing to be no conflict in the statutory law, we conclude and so hold that the respondent herein was correct in taking the position that they were without authority to provide any modification of the revocation of petitioner’s driver’s license.
Accordingly, the petition herein is denied.
RAWLS, C. J., and JOHNSON and SPECTOR, JJ., concur.