747 So.2d 1007 (1999)
The STATE of Florida, Appellant,
v.
Otis GREEN, Appellee.
No. 99-156.
District Court of Appeal of Florida, Third District.
December 8, 1999.
Rehearing Denied January 12, 2000.
Robert A. Butterworth, Attorney General, and Barbara A. Zappi, Assistant Attorney General, for appellant.
Bennett H. Brummer, Public Defender, and Roy A. Heimlich, Assistant Public Defender, for appellee.
Before JORGENSON, LEVY, and GREEN, JJ.
PER CURIAM.
The state appeals an order granting the defendant's motion to dismiss and reducing the charge of driving as a "Habitual Traffic Offender" to driving with a suspended license. We reverse and remand.
On August 30, 1989, Otis Green, the defendant, was classified as a habitual traffic offender, and his driver's license was revoked. The defendant's record listed the projected expiration of the revocation as August 29, 1994, five years from the revocation. On February 4, 1998, the defendant was charged with unlawful driving as a habitual traffic offender in violation of section 322.34(5), Florida Statutes. The defendant filed a Motion to Dismiss arguing that his status as a habitual traffic offender expired on August 29, 1994, even though he never sought reinstatement of *1008 his driving privilege. The trial court granted the motion and reduced the charge to driving with a suspended license.
The trial court erred in reducing the charge. Because the defendant was a habitual traffic offender, his driver's license was revoked, and he was not eligible to be relicensed for a minimum of five years from the date of revocation. Fla. Stat. § 322.27(5) (1997); see Lord v. Davis, 288 So.2d 260, 261 (Fla. 1st DCA 1974) (holding that habitual traffic offender not entitled to have driving privileges restored until expiration of five year revocation period). Florida Statutes section 322.01(35)(1997) defines revocation as "the termination of a licensee's privilege to drive." Cf. Fla. Stat. § 322.01(39) (1997) (defining suspension as "the temporary withdrawal of a licensee's privilege to drive a motor vehicle.") After the revocation period expires, the defendant must petition the Department of Highway Safety and Motor Vehicles for restoration of driving privileges, and the department conducts an investigation into the fitness of the petitioner. Fla. Stat. § 322.331 (1997).
When the defendant's license was revoked, his driving privileges were terminated, not temporarily withdrawn for the five-year period. When the five-year revocation period expired, the defendant's driver's license did not magically reappear. Although he was eligible to get his license restored, he needed to take affirmative steps to get his driving privileges reinstated. Because he never sought reinstatement of his driving privileges, his license remained revoked even past the expiration of the five-year period.
For the above reasons, we reverse the trial court's order reducing the charge to driving with a suspended license and remand with directions to reinstate the charge of unlawful driving as a habitual traffic offender.
REVERSED and REMANDED.