957 So.2d 1164 (2007)
In re AMENDMENTS TO THE FLORIDA RULES OF CRIMINAL PROCEDURE-FINAL ARGUMENTS.
No. SC06-2065.
Supreme Court of Florida.
May 3, 2007.
William C. Vose, Chair, The Florida Bar Criminal Procedure Rules Committee, Orlando, FL, John F. Harkness, Jr., Executive *1165 Director, The Florida Bar, Tallahassee, FL, for Petitioner.
Arthur I. Jacobs of Jacobs and Associates, P.A., Fernandina Beach, FL on behalf of the Florida Prosecuting Attorneys Association, Inc.; H. Scott Fingerhut, Miami, FL on behalf of the Florida Association of Criminal Defense Lawyers, the Florida Public Defender Association, the American Civil Liberties Union of Florida, the Wilkie D. Ferguson, Jr. Bar Association, the Florida Innocence Initiative, the Miami Chapter of the Florida Association of Criminal Defense Lawyers, the National Association of Criminal Defense Lawyers, and Gerald Kogan; the Honorable C. Richard Parker, President, Florida Public Defender Association, Public Defender, Eighth Judicial Circuit, Gainesville, FL; and Marcelino J. Huerta, III, Tampa, FL, Responding with comments.
PER CURIAM.
The Florida Bar's Criminal Procedure Rules Committee (Rules Committee) has filed a report proposing amendments to the Florida Rules of Criminal Procedure. The proposals are in response to a request from this Court that the Rules Committee reconsider rule amendments proposed by the Supreme Court Criminal Court Steering Committee (Steering Committee), in light of the 2006 Florida Legislature's creation of section 918.19, Florida Statutes, in chapter 2006-96, Laws of Florida. We have jurisdiction. See art. V, § 2(a), Fla. Const.; Fla. R. Jud. Admin. 2.140(f).

BACKGROUND
In a report filed on May 4, 2005, the Steering Committee proposed amending Florida Rule of Criminal Procedure 3.250, Accused as Witness, and creating Florida Rule of Criminal Procedure 3.381, Final Arguments.[1] The Steering Committee's proposed amendment to rule 3.250 eliminated the portion of the rule providing that "a defendant offering no testimony in his or her own behalf, except the defendant's own, shall be entitled to the concluding argument before the jury." That committee's proposed new rule 3.381 addressed the order of closing arguments in criminal cases: "In all criminal prosecutions, the state shall be entitled to an opening and a concluding argument before the jury or the court sitting without a jury." According to the Steering Committee's proposed committee notes, "[t]he rule was proposed because the state has the burden of proof and to bring Florida practice in line with the practice in civil cases and in other jurisdictions."
The Steering Committee's proposed amendments were published, along with other proposals not relevant here, in the October 1, 2005, edition of The Florida Bar News. Upon consideration of both a majority and minority report of its Fast-Track Subcommittee, in a comment filed on April 25, 2006, the Rules Committee supported the Steering Committee's proposals in concept and offered alternative language for new rule 3.381, expressly excluding the sentencing phase of a capital case from the rule and providing that the failure of the prosecutor to make a closing *1166 argument would not deprive the defendant of his right to make a closing argument or preclude the prosecutor from making a rebuttal closing argument. The minority of the Fast-Track Subcommittee opposed both rule proposals.
On May 4, 2006, the Legislature passed a law providing that in criminal trials, the State shall open and conclude closing argument. See ch. 2006-96, § 1, at 1359, Laws of Fla. (creating § 918.19, Fla. Stat. (2006)). The new legislation provides that the order of closing argument as established under the statute controls unless this Court determines that the subject is procedural and issues a substitute rule of criminal procedure. Id. The law also repealed Florida Rule of Criminal Procedure 3.250, to the extent that it is inconsistent with the act. See ch. 2006-96, § 2, at 1359, Laws of Fla.
In light of chapter 2006-96, Laws of Florida, on July 18, 2006, the Court referred the Steering Committee's proposals to the Rules Committee for fast-track reconsideration. The Rules Committee filed a report on October 20, 2006, recommending that rule 3.250 be amended as proposed by the Steering Committee and that new rule 3.381 be created as revised by the Rules Committee. The Board of Governors of The Florida Bar rejected the Rules Committee's proposals and adopted the minority report of the Fast Track Subcommittee of the Rules Committee that was originally filed with the Rules Committee's comment on the Steering Committee's proposals. The Rules Committee's proposals were published in the November 15, 2006, edition of The Florida Bar News. The Court received a number of comments. Oral argument was held on February 15, 2007.
After reviewing the Rules Committee's proposed amendments, considering both the majority and minority reports of the Rules Committee's Fast Track Subcommittee and the comments received, and having heard oral argument, we adopt the proposed amendment to rule 3.250 and new rule 3.381.

DISCUSSION
Chapter 2006-96, Laws of Florida, created a new statutory provision, section 918.19, Florida Statutes, governing closing argument in criminal trials. The statute provides that in accord with the common law, the prosecuting attorney shall open the closing arguments, defendant or his or her attorney may reply, and the prosecuting attorney may reply in rebuttal. Under the version of rule 3.250 in effect when section 918.19, Florida Statutes, was enacted, however, the defense had the right to concluding closing argument if the defendant offered no evidence at trial other than his own testimony.
At common law, the rule governing closing argument in criminal cases provided that because the State carried the burden of proof, it was entitled to conduct initial and concluding closing arguments. Faulk v. State, 104 So.2d 519, 521 (Fla.1958). While Florida rejected the common law rule in 1853 when it enacted the statutory precursor to rule 3.250, see Heffron v. State, 8 Fla. 73 (Fla.1858), today the common law rule is followed in forty-seven states and the District of Columbia[2] as well as in federal criminal trials. See Fed. R.Crim.P. 29.1.
We adopt the proposals as requested by the Rules Committee. By amending rule 3.250 and creating rule 3.381, we bring *1167 Florida procedure into accord with the procedure in the overwhelming majority of jurisdictions as well as effectuating the new legislation. We do so without reaching any of the constitutional issues raised in this proceeding. Accord Amendment to Fla. Rules of Crim. Pro. Creating Rule 3.853 (DNA Testing), 807 So.2d 633, 634 (Fla.2001) (adopting new rule 3.853 to establish procedures for postconviction DNA testing, to effectuate chapter 2001-97, section 1, Laws of Florida, creating sections 925.11 and 943.3241, Florida Statutes, without addressing constitutional issues raised).

CONCLUSION
Accordingly, we amend the Florida Rules of Criminal Procedure as reflected in the appendix to this opinion. New language is indicated by underscoring; deletions are indicated by struck-through type. The amendments shall become effective immediately upon release of this opinion.
It is so ordered.
LEWIS, C.J., and WELLS, PARIENTE, CANTERO, and BELL, JJ., concur.
QUINCE, J., dissents with an opinion, in which ANSTEAD, J., concurs.
QUINCE, J., dissenting.
I would not adopt the rule proposed by The Florida Bar's Criminal Procedure Rules Committee, but would instead maintain the rule as it presently exists. The present rule allows the defense to have opening and closing final arguments in cases where the defense calls no witnesses other than the defendant himself. I believe this is a better practice and helps to level the field in these criminal cases. Although the Legislature has enacted section 918.19, Florida Statutes (2006), to give the State the opening and closing final arguments, I believe that this is a matter of procedure and is within the jurisdiction of the Court.
ANSTEAD, J., concurs.

APPENDIX
RULE 3.250 ACCUSED AS WITNESS
In all criminal prosecutions the accused may choose to be sworn as a witness in the accused's own behalf and shall in that case be subject to examination as other witnesses, but no accused person shall be compelled to give testimony against himself or herself, nor shall any prosecuting attorney be permitted before the jury or court to comment on the failure of the accused to testify in his or her own behalf, and a defendant offering no testimony in his or her own behalf, except the defendant's own, shall be entitled to the concluding argument before the jury.
RULE 3.381 FINAL ARGUMENTS
In all criminal trials, excluding the sentencing phase of a capital case, at the close of all the evidence, the prosecuting attorney shall be entitled to an initial closing argument and a rebuttal closing argument before the jury or the court sitting without a jury. Failure of the prosecuting attorney to make a closing argument shall not deprive the defense of its right to make a closing argument or the prosecuting attorney's right to then make a rebuttal argument. If the defendant does not present a closing argument, the prosecuting attorney will not be permitted a rebuttal argument.
NOTES
[1] Also in that report, the Steering Committee proposed an amendment to rule 3.390 (Final Instructions Before Closing Arguments), which is being considered in In re Amendments to the Florida Rules of Civil Procedure, the Florida Rules of Criminal Procedure, the Standard Jury Instructions in Civil Cases, the Standard Jury Instructions in Criminal CasesImplementation of Jury Innovations Committee Recommendations, No. SC05-1091 (Fla. oral argument held Feb. 14, 2007). The proposed amendment to rule 3.250 and proposed new rule 3.381 were severed from the other proposals in case No. SC05-1091 and referred to the Rules Committee.
[2] See Preston v. State, 260 So.2d 501, 505 (Fla.1972); Nicole Velasco, Taking the "Sandwich" Off of the Menu: Should Florida Depart from Over 150 Years of its Criminal Procedure and Let Prosecutors Have the Last Word?, 29 Nova L.Rev. 99, 121 n. 199 (2004); § 17-8-71, Ga.Code Ann. (West 2006).