967 So.2d 957 (2007)
Frederick GRICE, Appellant,
v.
STATE of Florida, Appellee.
No. 1D07-0109.
District Court of Appeal of Florida, First District.
October 5, 2007.
Rehearing Denied November 6, 2007.
*958 Nancy A. Daniels, Public Defender, and David A. Davis, Assistant Public Defender, Tallahassee, for Appellant.
Bill McCollum, Attorney General, and Carolyn J. Mosley, Assistant Attorney General, Tallahassee, for Appellee.
WEBSTER, J.
In this direct criminal appeal, appellant, relying on Florida Rule of Criminal Procedure 3.250, contends that he is entitled to a new trial because, although he offered no testimony in his behalf at trial other than his own, he was denied the first and last closing arguments. The state responds that, based on section 918.19, Florida Statutes (2006), the trial court correctly determined that the state was entitled to the first and last closing arguments. We conclude that common law, rather than either rule 3.250 or section 918.19, was controlling as to the right to make the first and last closing arguments during appellant's trial. However, because the common law rule is essentially identical to section 918.19, we affirm.
*959 On June 14, 2006, appellant was charged by information with possession of cocaine, possession of cannabis and resisting an officer without violence. Appellant's jury trial took place on October 13, 2006. At that time, Florida Rule of Criminal Procedure 3.250 provided that "a defendant offering no testimony in his or her own behalf, except the defendant's own, shall be entitled to the concluding argument before the jury."[*] Because appellant had presented no testimony other than his own, he contended that he was entitled pursuant to that rule to make the first and last closing arguments. However, during its 2006 general session, the legislature had, by a unanimous vote in both houses, adopted what became section 918.19, Florida Statutes. Ch. 2006-96, § 1, at 1359, Laws of Fla. That statute reads:
Closing argument.As provided in the common law, in criminal prosecutions after the closing of evidence:
(1) The prosecuting attorney shall open the closing arguments.
(2) The accused or the attorney for the accused may reply.
(3) The prosecuting attorney may reply in rebuttal.
The method set forth in this section shall control unless the Supreme Court determines it is procedural and issues a substitute rule of criminal procedure.
The legislature further provided that rule 3.250 was "repealed to the extent that it is inconsistent with this act." Ch. 2006-96, § 2, at 1359, Laws of Fla. However, the legislature also provided that the new statute would "take effect October 1, 2006, except that section 2 of this act shall take effect only if this act passed by a two-thirds vote of the membership of each house of the Legislature." Ch. 2006-96, § 3, at 1359, Laws of Fla. Over appellant's objection that the newly effective statute could not be applied to him because the offenses with which he was charged had allegedly been committed before the statute's effective date, the trial court ruled that the state would have first and last closing arguments. The jury found appellant guilty of possession of cocaine and possession of cannabis, as charged, and judgment was entered accordingly. (The trial court had granted appellant's motion for judgment of acquittal on the count charging resisting an officer without violence at the conclusion of the state's case.) This appeal follows. Because the issue presented is one of law, our standard of review is de novo. See Smiley v. State, 966 So.2d 330, 333 (Fla. 2007).
Appellant argues that, because the offenses of which he was convicted were committed before the effective date of the statute, section 918.19 could not be applied to him. Rather, according to appellant, the controlling law is rule 3.250 as it existed at the time of his trial. Moreover, he argues that the failure to afford him first and last closing arguments pursuant to rule 3.250 constituted reversible error not *960 subject to harmless error analysis, citing Wike v. State, 648 So.2d 683, 686-87 (Fla. 1994). The state responds that, because section 918.19 affected only a procedural (rather than a substantive) change in the law, there is no impediment, constitutional or otherwise, to its application to him.
Article X, section 9, of the Florida Constitution, expressly provides that "[r]epeal or amendment of a criminal statute shall not affect prosecution or punishment for any crime previously committed." However, Florida courts have repeatedly held that this prohibition on retroactive application of statutes applies only to statutes that effect a substantive change in the law; it has no application to changes in the law that are merely procedural or remedial. E.g., State v. Smiley, 927 So.2d 1000, 1003 (Fla. 4th DCA 2006) (section 776.013, Florida Statutes (2005), eliminating the duty to retreat before using deadly force to prevent the commission of a forcible felony represents a substantive, rather than a procedural, change in the law and, therefore, cannot be applied in cases where the alleged offense occurred before the effective date of that act), approved, 966 So.2d 330 (Fla.2007); Mathis v. State, 31 Fla. 291, 12 So. 681, 687 (1893) (a statute changing the number of peremptory challenges available to a defendant charged with first-degree murder is procedural, or remedial, rather than substantive and, therefore, "appl[ies] to prosecutions of offenses committed before, as well as those committed after, the change"). Moreover, "`whenever possible, [procedural or remedial] legislation should be applied to pending cases in order to fully effectuate the legislation's intended purpose.'" Smiley v. State, 966 So.2d at 334 (quoting from Arrow Air, Inc. v. Walsh, 645 So.2d 422, 424 (Fla.1994), which, in turn, cited City of Orlando v. Desjardins, 493 So.2d 1027 (Fla.1986)). Because the trial court applied section 918.19 to appellant notwithstanding the fact that the offenses with which he was charged had allegedly been committed before the statute's effective date, we must first decide whether the statute is substantive, or merely procedural.
It seems to us relatively clear that who will have the opportunity to make first and last closing arguments in a criminal case is a matter of procedure, rather than of substance. It does not relate to the elements of an offense or the punishment therefor. See generally Glover v. State, 474 So.2d 886, 891 (Fla. 1st DCA 1985) (stating that "`[c]riminal statutes'" as used in article X, section 9, of the Florida Constitution refers to "acts dealing with crime or its punishment," citing Washington v. Dowling, 92 Fla. 601, 109 So. 588 (1926)). Rather, it seems to us indistinguishable in any meaningful way from the statute found to be procedural in Mathis v. State, 31 Fla. 291, 12 So. 681 (1893), which reduced the number of peremptory challenges available to a defendant in a first-degree murder case from 20 to 10. Our supreme court certainly seems to have treated it as procedural. See In re Amendments to the Fla. Rules of Criminal ProcedureFinal Arguments, 957 So.2d 1164 (Fla.2007) (adopting a new Florida Rule of Criminal Procedure 3.381, essentially incorporating the provisions of section 918.19, and deleting from rule 3.250 the language that had permitted the defendant to make first and last closing arguments in cases where the defendant offered no testimony other than his or her own); Birge v. State, 92 So.2d 819, 821 (Fla.1957) (stating that the court had consistently held that the statute providing that "a defendant offering no testimony in his own behalf, except his own, shall be entitled to the concluding argument before the jury" (then section 918.09, Florida Statutes) created "a vested procedural right") (emphasis added). We confess that *961 we do not know what the court meant in Birge when it said that the statute created "a vested procedural right." Id. (emphasis added). However, it seems to us relatively clear that the court was not using the word "vested" in the sense normally associated with retroactivity analysis. See, e.g., Div. of Workers' Comp., Bureau of Crimes Comp. v. Brevda, 420 So.2d 887, 891 (Fla. 1st DCA 1982) (quoting Aetna Ins. Co. v. Richardelle, 528 S.W.2d 280, 284 (Tex.Civ. App.1975), for the proposition that, "`[T]o be vested, a right must be more than a mere expectation based on an anticipation of the continuance of an existing law; it must have become a title, legal or equitable, to the present or future enforcement of a demand. . . .'"); R.A.M. of S. Fla., Inc. v. WCI Cmtys., Inc., 869 So.2d 1210, 1218 (Fla. 2d DCA 2004) (quoting from Brevda and other cases). Accordingly, we hold that section 918.19 affected only a procedural change in the law. That does not, however, end our inquiry.
The legislature purported to do two things when it enacted section 918.19(1) to afford the state the opportunity to make first and last closing arguments in criminal cases; and (2) to repeal that portion of rule 3.250 which was inconsistent with the act, provided that a two-thirds vote of each house was obtained in support of the bill. Article V, section 2(a), of the Florida Constitution gives the supreme court the power to "adopt rules for the practice and procedure in all courts. . . ." That same subsection also provides that the legislature shall have the power to repeal rules of court "by general law enacted by two-thirds vote of the membership of each house of the legislature." However, the legislature is not given the power to propose new rules of court; rather, its power is limited to repealing rules adopted by the supreme court. E.g., Johnson v. State, 336 So.2d 93, 95 (Fla.1976) ("the Constitution establishes judicial power in the court system and vests this Court with the power of administration of the court system, including the establishment of judicial rules of practice and procedure; while such rules may be repealed by a general law enacted by a two-thirds vote of the Legislature, the power to initiate them rests in this Court") (footnote omitted); Swan v. State, 322 So.2d 485, 489 (Fla.1975) (while "[t]he Legislature may repeal [court] rules by a two-thirds vote . . ., the Legislature's power to abrogate a court rule extends only to repeal and does not include the power of amendment") (citations omitted); In re Clarification of Fla. Rules of Practice & Procedure (Fla. Const. Article V, Section 2(a)), 281 So.2d 204, 204 (Fla.1973) ("The Legislature has the constitutional right to repeal any rule of the Supreme Court by a two-thirds vote, but it has no constitutional authority to enact any law relating to practice and procedure") (citation omitted). Thus, while the legislature's repeal of the portion of rule 3.250 relating to first and last closing arguments was effective, having been passed by the necessary two-thirds majority of each house, its attempt to substitute a different procedure was not. As a result, one must look to the common law to ascertain whether appellant was entitled to first and last closing arguments. "At common law, the rule governing closing argument in criminal cases provided that because the State carried the burden of proof, it was entitled to conduct initial and concluding closing arguments." In re Amendments to the Fla. Rules of Criminal ProcedureFinal Arguments, 957 So.2d 1164, 1166 (Fla.2007) (citing Faulk v. State, 104 So.2d 519, 521 (Fla.1958)).
Thus, while the procedure regarding first and last closing arguments set out in section 918.19 did not apply, because that procedure is essentially the same as the common law rule, the outcome is the same. Accordingly, applying the "tipsy coachman" *962 rule, see Robertson v. State, 829 So.2d 901, 906-07 (Fla.2002) (explaining that rule), we affirm the trial court's decision to permit the state to make the first and last closing arguments as correct, albeit for the wrong reason.
AFFIRMED.
ALLEN and VAN NORTWICK, JJ., Concur.
NOTES
[*] On May 3, 2007, our supreme court adopted Florida Rule of Criminal Procedure 3.381, which provides:

In all criminal trials, excluding the sentencing phase of a capital case, at the close of all the evidence, the prosecuting attorney shall be entitled to an initial closing argument and a rebuttal closing argument before the jury or the court sitting without a jury. Failure of the prosecuting attorney to make a closing argument shall not deprive the defense of its right to make a closing argument or the prosecuting attorney's right to then make a rebuttal argument. If the defendant does not present a closing argument, the prosecuting attorney will not be permitted a rebuttal argument.
In re Amendments to the Fla. Rules of Criminal ProcedureFinal Arguments, 957 So.2d 1164, 1167 (Fla.2007). The court also deleted language to the contrary in rule 3.250. Id. However, these amendments have no bearing on this case because they were not enacted until after appellant's trial.