969 So.2d 583 (2007)
Scott Bernard TAYLOR, Appellant,
v.
STATE of Florida, Appellee.
No. 4D06-4478.
District Court of Appeal of Florida, Fourth District.
December 5, 2007.
Carey Haughwout, Public Defender, and Dea Abramschmitt, Assistant Public Defender, West Palm Beach, for appellant.
*584 Bill McCollum, Attorney General, Tallahassee, and Don M. Rogers, Assistant Attorney General, West Palm Beach, for appellee.
STONE, J.
A jury found Taylor guilty of selling cocaine within 1,000 feet of a place of worship. Taylor contends that the trial court erred in denying him the first and rebuttal closing arguments during his October 19, 2006, trial. He asserts that section 918.19, Florida Statutes, that became effective October 1, 2006, violates the separation of powers provided in article II, section 3 of Florida's constitution. Although we recognize that section 918.19 is constitutionally infirm because its provision adopting a new procedural rule constituted invalid rulemaking by the legislature, we, nevertheless, affirm. See Grice v. State, 967 So.2d 957 (Fla. 1st DCA 2007).
At common law, the state was entitled to present first and last arguments. In re Amendments to the Florida Rules of Criminal Procedure  Final Arguments, 957 So.2d 1164, 1166 (Fla.2007) (citing Faulk v. State, 104 So.2d 519, 521 (Fla. 1958)). In 1853, "Florida rejected the common law rule . . . when it enacted the statutory precursor to [Florida] [R]ule [of Criminal Procedure] 3.250." Id. (citing Heffron v. State, 8 Fla. 73 (1858)). Rule 3.250 entitled the defendant "to the concluding argument before the jury" where the defendant offered no testimony, "except the defendant's own." By enacting section 918.19 in 2006, the legislature repealed this long standing criminal procedure rule. The legislature then created a substitute rule, allowing the state to present the first and last closing arguments. § 918.19, Fla. Stat.
In May 2007, the supreme court adopted the procedure supplied in section 918.19 by amending Rule 3.250 and creating Rule 3.381, Florida Rules of Criminal Procedure. The rules change became effective upon release of In re Final Arguments, 957 So.2d at 1164.
Indisputably, the supreme court has exclusive authority to enact rules of practice and procedure in the courts. Art. V, § 2(a), Fla. Const. The legislature, however, has the constitutional right to repeal any existing rule of procedure by a two-thirds vote. Johnson v. State, 336 So.2d 93 (Fla.1976); In re Clarification of Florida Rules of Practice and Procedure, 281 So.2d 204 (Fla.1973).
The trial in this case occurred after adoption of the statute, but prior to the supreme court promulgating the rule amendment. As a general principle, the repeal of a rule which modifies the common law operates to reinstate the common law rule, absent contrary legislative intent. See State ex rel. Boyd v. Green, 355 So.2d 789, 794-95 (Fla.1978); Grice, 967 So.2d at 961. This is in accord with generally accepted principles. See Beavan v. Went, 155 Ill. 592, 41 N.E. 91, 93-94 (1895) ("It is a rule of the common law that, where one statute is repealed by another, the repeal of the repealing statute revives the statute repealed; and the same rule is held to extend to the common law, so that, where an act which supersedes in any particular the common law rule previously applicable is itself repealed, the rule is held to be revived."); State v. Gen. Daniel Morgan Post No. 548, Veterans of Foreign Wars, 144 W.Va. 137, 107 S.E.2d 353, 357 (1959) ("When a statute repeals the common law and the statute itself is subsequently repealed, the common law is revived and when a statute which is declaratory of the common law is repealed the common law remains in force for the reason that the statute was an affirmance of the common law."). Here, legislative intent is clear, as *585 the new statute follows the common law procedure.
In Green, the legislature passed an act, section 1 of which created a two trial system for adjudicating guilt and insanity, and section 10 of which repealed rule 3.210 that dealt with the insanity defense. Green, 355 So.2d at 791. The trial court found section 1 unconstitutional but upheld section 10. The trial court then "concluded that, as a result of [its] rulings . . . the defense of insanity no longer exists in Florida and ordered the case to proceed to trial without benefit of that defense." Id. The supreme court found that the trial court committed reversible error because the court failed to recognize the common law defense of insanity. Id. In doing so, the supreme court effectively recognized that where the legislature repeals a rule under one section of an act, and then enacts an unconstitutional law under another section, no vacuum is created, and the common law is applied.
We recognize that the supreme court has also found that a predecessor statute may be revived where a statute that repealed another statute is found to be unconstitutional. B.H. v. State, 645 So.2d 987, 995 (Fla.1994). The court recognized the statutory revival necessary "only where the loss of the invalid statutory language will result in a `hiatus in the law that would be intolerable to society.'" Id. at 995, 997 (sustaining B.H.'s adjudication "on the basis of the revived statute").[1]
We note that, in this case, House Bill 147, adopting section 918.19, contemplates that the repealing provision of the statute may be severed from section 1, enacting the new procedure for closing arguments. Specifically, the bill states that section 2, the repeal provision, will take effect only if passed by a two-thirds vote. As section 2 is severable, it survives the invalidity of section 1.
We are, therefore, confronted with a repealed rule 3.250, without a replacement rule. In such a situation, the common law, as suggested by Green, applies. See 355 So.2d at 795 (noting that the common law would apply where a section enacting a new law was unconstitutional but a repealing section was saved and remained effective). As the First District specifically explained in Grice:
[W]hile the legislature's repeal of the portion of rule 3.250 relating to first and last closing arguments was effective, having been passed by the necessary two-thirds majority of each house, its attempt to substitute a different procedure was not. As a result, one must look to the common law to ascertain whether appellant was entitled to first and last closing arguments.
Grice, 967 So.2d at 961.
We also note that, here, unlike in B.H., the loss of the invalid legislative enactment did not result in a "hiatus" in the law. Unlike the statutory framework in B.H., no intolerable hiatus resulted in the instant case because the common law supplies the order of closing arguments. Further, the subsequent adoption of the amended rule undermines the position that a "hiatus" was created, as both the amended rule and the common law conform precisely to what the legislature passed in section 918.17.
We conclude that the trial court properly decided the order of final arguments. *586 Therefore, the conviction and sentence are affirmed.
STEVENSON and HAZOURI, JJ., concur.
NOTES
[1] Cf. State v. Raymond, 906 So.2d 1045, 1051 (Fla.2005) (describing a vacuum that existed where the legislature repealed two criminal procedure rules and the court held the statute imposing a replacement procedure unconstitutional; as a result, the court temporarily readopted the two rules).