976 So.2d 1201 (2008)
Lamar BLANDIN, Appellant,
v.
STATE of Florida, Appellee.
No. 2D07-3013.
District Court of Appeal of Florida, Second District.
March 26, 2008.
Lamar Blandin, pro se.
Bill McCollum, Attorney General, Tallahassee, and Timothy A. Freeland, Assistant Attorney General, Tampa, for Appellee.
STRINGER, Judge.
Lamar Blandin seeks review of the postconviction court's order denying his motion for postconviction relief, which was filed pursuant to Florida Rule of Criminal Procedure 3.850. Blandin argues that his trial counsel was ineffective for allowing Blandin to enter a plea to the charge of driving while license revoked and an admission to a violation of probation based on that conduct because the offense occurred after the revocation period had expired. However, Blandin's license remained revoked because he had never petitioned the Department to be relicensed. Accordingly, the postconviction court did not err in denying relief on this ground.
After being stopped for speeding in November 2004, Blandin was charged with driving while license revoked as a habitual traffic offender pursuant to section 322.34(5), Florida Statutes (2004). Blandin entered an open plea to the charge and an admission to a violation of probation in another case based on the same conduct. In his rule 3.850 motion, Blandin argued that trial counsel was ineffective for allowing him to enter a plea to the charge of driving while license revoked and an admission to a violation of probation based on the same conduct. Blandin asserted that his license was revoked in August 1992, and his five-year revocation period expired in August 1997. Blandin claimed he could not be convicted for driving while license revoked in 2004 because his revocation period had expired seven years earlier.
The postconviction court denied this claim after a hearing based on its finding that because Blandin had not petitioned to have his license reinstated, it was still "revoked" for purposes of section 322.34(5). On appeal, Blandin argues that the postconviction court erred in concluding that his license remained "revoked" under section 322.34(5) after the revocation period expired. Blandin argues that because section 322.34(5) does not define when a person's license is considered "revoked," it is ambiguous. Blandin asserts that the ambiguity should be interpreted in his favor under the rule of lenity.
Section 322.34(5) provides as follows:

*1203 Any person whose driver's license has been revoked pursuant to s. 322.264 (habitual offender) and who drives any motor vehicle upon the highways of this state while such license is revoked is guilty of a felony of the third degree, punishable as provided in s. 775.082, s. 775.083, or s. 775.084.
Section 322.27(5) provides for the revocation of the license of a habitual traffic offender as follows:
The department shall revoke the license of any person designated a habitual offender, as set forth in s. 322.264, and such person shall not be eligible to be relicensed for a minimum of 5 years from the date of revocation, except as provided for in s. 322.271. Any person whose license is revoked may, by petition to the department, show cause why his or her license should not be revoked.
A person whose license has been revoked under section 322.27(5) may petition the Department for restoration of driving privileges "[a]t the expiration of 5 years from the date of license revocation." § 322.331. The Department will thereafter investigate the petitioner's qualification and fitness to drive and hold an administrative hearing to determine whether to restore driving privileges completely or on a restricted basis. Id.
There is no ambiguity in this statutory framework. Under section 322.27(5), when Blandin's license was revoked as a habitual traffic offender in August 1992, it was revoked "for a minimum of 5 years." After five years, Blandin was eligible to be relicensed, but relicensing was not automatic. Because Blandin never petitioned to be relicensed, the Department never investigated his qualification and fitness to drive or held an administrative hearing to determine whether to restore Blandin's driving privileges. Thus, Blandin's license remains "revoked" under section 322.34(5), and his conviction for driving while licensed revoked and admission to a violation of probation based on that conduct was proper.
The Third District has reached the same conclusion under similar facts in State v. Green, 747 So.2d 1007 (Fla. 3d DCA 1999). In Green, the defendant's license was revoked as a habitual traffic offender. Id. at 1007. Over three years after the statutory revocation period expired, the defendant was charged with driving as a habitual traffic offender pursuant to section 322.34(5). The trial court granted the defendant's motion to dismiss the charge based on the defendant's argument that his status as a habitual traffic offender had expired when the statutory revocation period expired over three years earlier. Id. at 1007-08.
The Third District reversed, holding that the defendant's license remained revoked because he never took affirmative steps to have it reinstated. Id. at 1008. The court explained that the defendant's "driving privileges were terminated, not temporarily withdrawn" when his license was revoked. Id. While the defendant was eligible to have his license restored, he was required to petition the Department of Highway Safety and Motor Vehicles and subject himself to an investigation into his fitness to drive in order to do so. The court held that until the defendant took such affirmative steps, his license remained revoked. Id.
Accordingly, we conclude that the postconviction court did not err in determining that Blandin's license remained revoked seven years after he was eligible to be relicensed. The court properly denied Blandin's claim that trial counsel was ineffective for allowing Blandin to enter a plea to the charge of driving while license revoked *1204 and to a violation of probation based on that conduct.
Affirmed.
SILBERMAN and KELLY, JJ., concur.