FULMER, Judge.
Dwauneario Brown challenges his conviction for first-degree murder, raising five issues. We affirm the conviction and sentence and comment only on his assertion that he was denied his right to the first and last closing argument.
Brown argues that the trial court erred in allowing the State to have first and last closing argument because the statute authorizing this procedure, section 918.19, Florida Statutes (2006), which became effective October 1, 2006, was unconstitutional and the new procedure was not yet adopted as a rule by the Florida Supreme Court at the time of trial (October 31 through November 2, 2006).[1]
This issue has been addressed by the First and Fourth Districts in Grice v. State, 967 So.2d 957 (Fla. 1st DCA 2007), and Taylor v. State, 969 So.2d 583 (Fla. 4th DCA 2007). In those cases, the courts concluded there was no error in denying the defendants the first and last closing argument. We aligned ourselves with the First District on this issue in Sullivan v. State, 972 So.2d 918 (Fla. 2d DCA 2007). In accord with Sullivan, we reject this claim for the reasoning expressed in Grice and Taylor.
Affirmed.
DAVIS and WALLACE, JJ., Concur.

. Brown acknowledges that the Florida Supreme Court has since adopted the statute in amending Florida Rule of Criminal Procedure 3.250 and adopting new rule 3.381. See In re Amendments to the Fla. Rules of Criminal Procedure — Final Arguments, 957 So.2d 1164 (Fla.2007).