# Third District Court of Appeal

## State of Florida

Opinion filed August 13, 2025.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D24-1303
Lower Tribunal No. A2WQDOE

_____

**Victor Joseph Johnson,**
Appellant,

vs.

**The State of Florida,**
Appellee.

An Appeal from the County Court for Miami-Dade County, Cristina Rivera Correa, Judge.

Carlos J. Martinez, Public Defender, and Jennifer Thornton, Assistant Public Defender, for appellant.

James Uthmeier, Attorney General, and Camilo Montoya, Assistant Attorney General, for appellee.

Before LINDSEY, GORDO, and GOODEN, JJ.

PER CURIAM.

This is a timely appeal of a misdemeanor conviction in Miami-Dade County Court for Driving While License Suspended following a bench trial. Appellant Johnson argues that the evidence was insufficient to support his conviction because the State could not prove an essential element: Johnson's actual knowledge that his driving privilege was suspended or revoked. The State claims that the evidence was sufficient because the Driving Record that listed all the suspensions and mailed notices also listed his most recent address provided to the Department of Highway Safety and Motor Vehicles as of the date of printing. Additionally, evidence in Johnson's Driving Record supports the reasonable inference that he had knowledge his license was under suspension, revocation, or equivalent status because Johnson's Driving Record does not indicate that he ever got his license reinstated, and in fact reflects that a drug-related revocation is still in effect.

Because Johnson never got a valid license following his revocation, his driving privilege remains revoked. See State v. Green, 747 So. 2d 1007, 1008 (Fla. 3d DCA 1999) ("Florida Statutes section 322.01(35)(1997) defines revocation as 'the termination of a licensee's privilege to drive.' . . . When the defendant's license was revoked, his driving privileges were terminated, not temporarily withdrawn for the five-year period. When the five-year revocation period expired, the defendant's driver's license did not magically reappear.

2

Although he was eligible to get his license restored, he needed to take affirmative steps to get his driving privileges reinstated. Because he never sought reinstatement of his driving privileges, his license remained revoked even past the expiration of the five-year period.").

Affirmed.